149 So. 875

## GRIFFIN BURIAL ASS'N v. SNEAD.

### 3 Div. 714.

Court of Appeals of Alabama.

Sept. 12, 1933.

Rehearing Denied Oct. 3, 1933.

Douglas Booth, of Prattville, for appellant.

Powell & Hamilton, of Greenville, for appellee.

BRICKEN, Presiding Judge.

Counsel for appellee moves the court to strike brief filed by appellant for noncompliance with Supreme Court rule 10; and in this connection complains of the insufficiency of the brief in its discussion of and insistence upon the assignments of error. Said rule requires a concise statement of so much of the record as fully presents every error and exception relied on. It also requires that following this statement the brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with the authorities relied on in support of them, and in citing the case, the names of parties must be given, with the book and page where reported.

We may pretermit a consideration of this motion, notwithstanding the grounds upon

which it is based appear to be well taken. Brothers v. Brothers, 208 Ala. 258, 94 So. 175. We do this for the reason the points of decision involved are very simple and are clearly understood and in the opinion of the court are without merit.

Appellee's suit was an action of assumpsit, the complaint being in three different counts, and the amount claimed was $183.26.

The suit was filed October 14, 1931. The return of the sheriff shows it was served October 15, 1931, by leaving a copy of the summons and complaint with L. J. Hay, agent for Griffin Burial Association, defendant.

On November 16, 1931, the judgment, as shown by the record, recites that the defendant being duly summoned and called came not, but made default. Whereupon, it was considered and adjudged by the court that the plaintiff have judgment against the defendant by default. The said judgment further recites that a writ of inquiry was awarded to ascertain and assess plaintiff's damages. This was done, and, as stated, judgment was rendered against the defendant (appellant) for $185.

On November 24, 1931, appellant made motion for a new trial, which, on January 16, 1932, was overruled.

■ Appellant first complains that the court erred in rendering judgment for the plaintiff. We take it that this insistence is upon the ground that appellant was not properly served with a copy of the summons and complaint. Where, as here, the suit is against a corporation, the law expressly provides the summons may be executed by the delivery of a copy of the summons and complaint on the president, or other head thereof, secretary, cashier, or any other agent thereof. Code 1923, § 9421. This section of the Code also provides: "The return of the officer executing the summons that the person to whom delivered is the agent of the corporation shall be prima facie evidence of such fact and authorize judgment by default or otherwise without further proof of such agency." As stated, here the return of the sheriff shows that a copy of the summons and complaint was served upon one L. J. Hay and recites that he was the agent for the defendant. The record does not disclose any proof to the contrary. Moreover, it was admitted that at the time the debt sued upon was alleged to have been contracted, said L. J. Hay was the general manager of the defendant. We conclude from the foregoing that appellant was as the law requires properly served with a copy of the summons and complaint. Code 1923, § 9421; Gray v. Handy, 204 Ala. 559, 86 So. 548.

■ No injury inured to defendant by the action of the court in allowing a jury to ascertain the amount of damages to be assessed against defendant. Code 1923, § 7667; Ex parte Florida Nursery & Trading Company, 201 Ala. 97, 77 So. 391.

■ The action of the court in overruling the defendant's motion for a new trial was without error. The defendant failed to meet the required burden by showing to the court it was prevented from making its defense by surprise, accident, mistake, or fraud, without fault on its part. In the absence of such conclusive showing, the court below was without authority to set aside the judgment and grant a new trial.

Affirmed.