299 So.2d 300

**Edna Pearl HALSTEAD**

v.

**Earl HALSTEAD.**

**Civ. 343.**

Court of Civil Appeals of Alabama.

Aug. 21, 1974.

Kenneth R. Cain, Ozark, for appellant.

James H. Farmer, Jr., Dothan, for appellee.

WRIGHT, Presiding Judge.

The parties were divorced on July 26, 1973, on the ground of incompatibility of temperament. The custody of the two mi-

nor children was granted to appellee-husband. The decree also provided that as and for alimony in gross to the wife and as full and complete settlement of the respective property rights of the parties, the husband was to pay to the wife the sum of $2,500 in 50 monthly installments of $50.00 each and that the wife was to convey to the husband for the use and benefit of the minor children and as further settlement of said property rights all her right, title, and interest in and to the house and lot owned jointly by the parties and as to all the furniture, furnishings, household goods and wares located therein. The wife was awarded, free and clear of all liens and encumbrances, the 1970 Chevrolet Impala automobile already in her possession.

On January 24, 1973, appellant filed a motion under Rule 60(b) of the Alabama Rules of Civil Procedure for a rehearing on the grounds that the Judgment is void as it applies to appellant with reference to property settlements and the awarding of custody, in that it does not comply with Alabama law; that it is applying the property of appellant as alimony to appellee; that the law does not provide for a division of property by one of the parties acquiring the property and the other party receiving his or her share in installments to be paid without interest by the first party; that there was no property settlement between the parties; that appellee was improperly awarded the custody of the two minor children since it was never shown that appellant was not a fit and proper person to have custody. The trial court denied the motion and it is from this denial that the instant appeal is prosecuted. The record is devoid of any testimony or other evidence taken either on original trial or on the motion.

Rule 60(b) provides in pertinent part as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment."

■ The denial of a motion under Rule 60(b) is an appealable order. Weldon v. Grace Line, Inc., 2 Cir., 404 F.2d 76; Bruton v. Shank, 8 Cir., 349 F.2d 630. However, the only matter reviewable on appeal is the order of denial itself. The motion is not to serve as a substitute for appeal and, therefore, present for review the underlying judgment. Demers v. Brown, 1 Cir., 343 F.2d 427; Hines v. Seaboard Air Line Railroad Co., 2 Cir., 341 F.2d 229; Wagner v. U. S., 2 Cir., 316 F.2d 871.

Appellant filed six assignments of error. assignment three is the only one which deals with the denial of the Rule 60(b) motion and is, therefore, the only one we may consider. Assignment of error three is a general assignment contending that the court erred in denying the motion.

■■ As noted from the above quoted portion of Rule 60(b) there are six reasons for granting the motion. Appellant in her motion only alludes to one—that the judgment is void. It is claimed that the judgment is void because it does not comply with the law of the State of Alabama. The simple fact that a court has erroneously applied the law does not render its judgment void. Restatement of Judgments § 4 (1942) provides:

"A judgment, even though it is subject to reversal or to attack in equity, is valid if

(a) the State in which it is rendered has jurisdiction to subject the parties

and the subject matter to its control (see § 5); and

(b) a reasonable method of notification is employed and a reasonable opportunity to be heard is afforded to persons affected (see § 6); and

(c) it is rendered by a court with competency to render it (see § 7); and

(d) there is compliance with such requirements as are necessary for the valid exercise of power by the court (see § 8)."

Appellant made no allegation in her motion that any of the above four requirements were not met, offered no proof nor requested a hearing thereon. There was, therefore, no basis for granting the motion on the ground that the judgment was void. The court did not err in its ruling.

Affirmed.

BRADLEY and HOLMES, JJ., concur.