BRADLEY, Judge.
The appeal is from an order of the Circuit Court of Morgan County wherein it refused to set aside a default judgment previously entered.
This case began with the filing of a complaint by the plaintiffs, Lewis and Lur-line Hopper, against defendant, National Security Fire and Casualty Company, a corporation, in which they sought to recover on a policy of insurance due to a fire loss.
There was filed on behalf of defendant a motion to dismiss which was denied and then an answer was filed pleading the general issue.
On February 28, 1975 Mr. John Eyster, counsel for defendant, notified defendant that the case was set for trial on March 17, 1975 and that he was withdrawing as counsel for defendant. A copy of this letter was sent to the trial court.
On March 14, 1975 defendant employed Mr. Richard Taylor, an attorney from Birmingham, to represent it in this case. Late in the afternoon of Friday, March 14, 1975, Mr. Taylor called Mr. Sherman Powell’s office in Decatur, the attorney for plaintiff here, and talked to Mr. Powell’s secretary.
Mr. Taylor says that he informed the secretary that he had just been employed to represent the defendant in this case and did not have the file, plus he had two cases set for trial in the Circuit Court of Jefferson County for March 17, 1975 and would need a continuance.
The secretary stated that she remembered the call and told Mr. Taylor that she . would relay the information to Mr. Powell, which she did.
Mr. Taylor did not contact the court or make further inquiry of Mr. Powell until after he was informed that an execution on a default judgment had been levied.
Mr. Powell said that his secretary notified him on Friday night, March 14, 1975, that a Mr. Taylor had called and said he was now representing the defendant and wanted a continuance because of a conflict with trials set in Jefferson County. Mr. Powell said he did not contact Mr. Taylor because he was ready for trial and did not want a continuance.
The case was called for trial on Monday, March 17, 1975 and the plaintiff appeared through counsel and announced ready for trial. The defendant did not appear by counsel or otherwise on that date.
The trial court entered a default, and gave leave to execute a writ of inquiry. The writ was executed by the court taking testimony and at the conclusion of the hearing entered judgment for plaintiff in the amount of $4,500 on March 17, 1975.
*382 Subsequently, defendant filed a motion asking the court to set aside the default judgment, pursuant to provisions of Rule 60(b), 1 & 3, ARCP, and restore the cause to the trial docket. In support of this motion, defendant submitted an affidavit of its counsel, Mr. Taylor, wherein he stated that he contacted Mr. Powell’s office on Friday afternoon, March 14, 1975 and explained his dilemma to the secretary. He says that he understood from the secretary that the case would not be tried on March 17, 1975 and that he would be notified of any further action. He says that he was unaware that the case had not been continued, when, on April 21, 1975, he learned that an execution had been issued on a default judgment. He contends that he has a meritorious defense to the complaint and asks that the default be set aside under the provisions of Rule 60, ARCP.
The matter was submitted to the court on the motion to set aside, the affidavits of Mr. Taylor and Mr. Powell and the testimony of Mrs. Coleman, Mr. Powell’s secretary. At the conclusion of the hearing, the motion was taken under advisement, and, later, it was denied. This appeal arises from that order.
Prior to the inception of the Alabama Rules of Civil Procedure (ARCP), there was no appeal from a trial court’s denial of a motion to set aside a default' judgment, City of Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322. Rather, review was properly addressed to the final default judgment itself, when requested by adequate assignment of error, Oliver v. Kinney, 173 Ala. 593, 56 So. 203.
With the adoption of the ARCP the motion to set aside a default judgment can be made via Rule 60(b) as well as Rule 55(c). The denial of a Rule 60(b) motion is ap-pealable. However:
“. . . [T]he only matter reviewable on appeal is the order of denial itself. The motion is not to serve as a substitute for appeal and, therefore, present for review the underlying judgment.” Halstead v. Halstead, 53 Ala.App. 255, 299 So.2d 300.
Thus, under the ARCP, appeal from the denial of a 60(b) motion to set aside a default is allowed. However, the denial of the 60(b) motion is one issue, the underlying entry of the default judgment is a separate issue. Raising one does not support review of the other.
In the present case, only the denial of the 60(b) motion is presented. Our review is thus limited strictly to the question of whether or not the trial court properly ruled on the motion.
Possible grounds for granting a 60(b) motion are expressly contained in the text of the rule. Of these grounds, plaintiff’s motion asserted “. . . fraud, mistake, inadvertence, and excusable neglect...."
We do not think the factual showing made by defendant in his motion justifies relief on the grounds relied on. Therefore the trial court was correct in overruling the motion, Griffin Burial Ass’n v. Snead, 25 Ala.App. 543, 149 So. 875.
In the instant case, neither defendant nor its lawyer appeared in court on the day appointed for trial. Both had notice of the trial date, and, although defendant’s lawyer sought an agreement from plaintiff’s counsel for a continuance, he never talked to nor obtained a commitment from plaintiff’s lawyer, nor did he ask the court for a continuance. Instead, defendant’s lawyer merely relayed a message to a legal secretary who cannot be held accountable for the conduct of plaintiff’s case. Furthermore, no inquiry was made concerning the disposition of the case or the date to which it had possibly been continued until well more than thirty days after the trial date. Based on these facts defendant was not justified in assuming the case was continued; consequently, his mistake or ne- *383 gleet is not excusable. There is no evidence of fraud or misconduct on plaintiff’s part.
The order of the trial court overruling defendant’s motion to set aside the default judgment is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.