This is an appeal from denial of relief under Alabama Rules of Civil Procedure Rule 60. We affirm.
Judgment modifying a prior divorce decree was entered upon stipulation of the parties and counsel. The fifth and next to last paragraph of the judgment contained an award of $2,500 to the former wife as a reasonable attorney fee. Thirty days after the judgment, the former husband and petitioner for the modification filed motion for new trial. That motion was never set for hearing nor ruled upon. Under Rule 59.1, ARCP, the motion was deemed denied upon expiration of 90 days from filing. No appeal was taken from the judgment of modification. *Page 423 
Six and one-half months after judgment the husband through new counsel filed a Rule 60 (b) motion to set aside alleging that (1) paragraph 5 of the judgment was void; (2) paragraph 5 was a miscarriage of justice; (3) that paragraph 5 was not according to stipulation and was not supported by any evidence; (4) there is no basis for the provisions of paragraph 5. The motion was subsequently amended to aver that paragraph 5 was the result of clerical mistake or omission. No exhibits or affidavits were filed with the motion.
The motion was duly heard by the court and denied. The record does not disclose any exhibits, affidavits or testimony taken at the hearing.
There is nothing to support movant's ground that the specific paragraph of the judgment is void. A judgment cannot be void when the court has jurisdiction of the parties and the subject matter. Halstead v. Halstead, 53 Ala. App. 255, 299 So.2d 300. In this instance the court had continuing jurisdiction of the subject matter — modification — as a result of the original divorce action. It had jurisdiction of movant through his own petition for modification.
There was nothing presented in the motion nor at the hearing thereon to support the ground of clerical mistake or omission. There appears to be no question but that the judgment represents the intended pronouncement of the court. WestVirginia Oil Gas Co. v. Breece Lumber Co., 5 Cir.,213 F.2d 702.
The remaining grounds of the motion are matters which would be proper upon appeal but are not proper for a 60 (b) motion. Rule 60 is not a substitute for appeal. Flett v. W.A. Alexander Co., 7 Cir., 302 F.2d 321, cert. denied, 371 U.S. 841,83 S.Ct. 71, 9 L.Ed.2d 77.
The issue on appeal from denial of a Rule 60 (b) motion is not the underlying judgment, but whether the trial court abused its discretion in denying the motion. Halstead v. Halstead,supra.
In determining whether there was an abuse of discretion, the reviewing court looks to the grounds presented by the motion and matters presented in support thereof. In this case, nothing by way of testimony or affidavit was presented. The motion primarily charged that the judgment was contrary to the stipulation of the parties in relation to the amount of the attorney fees granted. The record of the stipulation presented on appeal does not support the charge.
The cases applying Rule 60 (b), though seeking to accomplish justice, have indicated careful consideration for finality of judgment. In that regard, they have required the movant to show good reason for failure to take appropriate action sooner,Coclin Tobacco Co. v. Brown Williamson Tobacco Corp., 2 Cir.,353 F.2d 727, and to show a good claim or defense. Gomes v.Williams, 10 Cir., 420 F.2d 1364. 11 Wright Miller, FederalPractice Procedure, Sec. 2857, at 161. Movant in this case failed to fulfill either of such requirements. Therefore, this court is unable to find an abuse of discretion in the denial of the motion.
In view of the amount of attorney fee granted in the original judgment, appellee's motion for attorney fees on this appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.