HOLMES, Judge.
This is an appeal from a denial of relief under Rule 60(b), ARCP. We affirm.
A brief review of the history of this case is necessary for an understanding of the issue on this appeal. The appellants were divorced in July, 1975, by decree of the Circuit Court of DeKalb County. The decree was set aside by order of the court in October, 1975. After the divorce decree was set aside, numerous other proceedings not relevant to this appeal dealing with the final determination of matters between the appellants were held. Also, during this period, various claims and liens accompanied by affidavits were filed by several different attorneys who had represented the respective parties during their divorce proceedings.
On October 5, 1977, the court awarded attorney’s fees to Charles Scott, attorney for the appellant-husband, in the amount of $775. The attorney for the appellant-wife, Loma Beaty, was awarded a fee in the amount of $1,800. This order was amended on October 24, 1977, to include a $500 fee for services rendered by Patrick Tate as guardian ad litem. The record reflects that notice of this order, as amended, was sent to the parties’ then attorney of record. No appeal was taken from the above order.
On January 4, 1978, appellants were notified of levy on their property to satisfy the above judgments. Thereafter, on March 29, 1978, the appellants filed a motion[1] requesting relief under Rule 60(b) and also for independent relief from the October order. Appellants contend the October judgment “was acquired without notice” to them and that relief should be granted on that basis. Appellants further request relief on the allegation that the judgment was “obtained through fraud.” As noted above, the court held the appellants were not entitled to relief and denied their motion.
The dispositive issue on appeal is whether the trial court erred to reversal in denying the appellant’s 60(b) motion for relief.
At the outset, we would note that the determination of whether to grant or deny relief pursuant to Rule 60(b) is largely a matter within the judicial discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. See Wilger v. Department of Pensions and Security, Ala.Civ.App., 343 So.2d 529 (1977); Modernage Homes v. Wooldridge, 55 Ala. App. 68, 313 So.2d 190 (1975).
Furthermore, the only matter reviewable on appeal is the order of the denial itself. The motion does not serve as a substitute for appeal and, therefore, cannot present for review the underlying judgment. See Marsh v. Marsh, Ala.Civ.App., 338 So.2d 422 (1976); Halstead v. Halstead, 53 Ala.App. 255, 299 So.2d 300 (1974).
Put another way, this court on appeal will not consider the merits of the underlying October judgment nor matters which would properly be brought on appeal. Rather, we look solely to determine if the trial court abused its discretion in granting or denying 60(b) relief.
As noted above, appellants’ 60(b) motion was bottomed on the allegation that the *997 October, 1977, decree was obtained without notice to them. Appellants further contend the decree was obtained through fraud.
Rule 60(b) provides, in pertinent part, the following:
“On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken. . . ”
It is clear to this court that the contentions raised in appellants’ 60(b) motion fall within Rule 60(b) subsections (1), (2), or (3). Furthermore, the circumstances involved in this appeal are not such so as to fall within subsection 6 of Rule 60(b) and its longer limitation period. See Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538 (2nd Cir. 1963); Wright and Miller, Federal Practice and Procedure: Civil §§ 2864, 2865.
As noted above, the October 5, 1977, order, as amended, noted that a copy of the order was sent to each attorney of record in the case.[2] The law is settled in this regard, in that notice to an attorney operates as notice to the client, i. e., appellants in this instance. See 3 Ala. Digest Attorney and Client Key 104; 7 C.J.S. Attorney and Client §§ 69, 70. By virtue of this, appellants’ contentions do not fall within subsection (6) of Rule 60(b). See Radack v. Norwegian America Line Agency, Inc., supra.
Motions based upon subsections (1), (2), or (3) must be made within four months from the entry of the order. See Committee Comments, Rule 60, ARCP; 7 Moore’s Federal Practice, ¶ 60.28(2), [2d ed. 1971]; Wright and Miller, Federal Practice and Procedure, supra, § 2866. As noted above, appellants’ motion was made over five months after the order was entered. In view of this time lapse, we cannot say the trial court erred in denying appellants’ relief under their 60(b) motion.
Appellants also have pending before this court a petition for mandamus. This petition relates to the same subject matter as the instant appeal and is due to be dismissed.
There are additional motions before this court. However, in view of the above, they need not be discussed. For clarity, these motions are deemed to be denied.
Appellees have requested this court to award them attorney fees for this appeal. In consideration of the above and the circumstances surrounding this appeal, we decline to make such award.
The above being dispositive of the issues in this appeal, the trial court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. This motion was made over five months after the October, 1977, order was entered.

. We note again that this notice was sent to the McNutts’ then attorney of record who is not involved as a party to this appeal.