The Circuit Court of Houston County denied the insurance company's Rule 60 (b)(1), ARCP, motion. The insurance company appeals.
The dispositive issue is whether the trial court abused its discretion in denying the Rule 60 (b)(1) motion. We find no such abuse of discretion requiring reversal and affirm.
The record reveals the following pertinent information:
The trial court divorced Mr. and Mrs. Akins. However, the trial court retained jurisdiction of a portion of the divorce controversy. The purpose of the trial court's action was to determine certain aspects of two insurance policies. Pursuant thereto, the insurance company was made a third party defendant. The insurance company was properly served. The insurance company made no response to the third party action. Thereafter, the trial court entered a default judgment apparently adverse to the insurance company.
Within four months (one day prior to the expiration of four months), the insurance company filed its Rule 60 (b)(1) motion. The motion requested relief from the default judgment. The petition asserted that through mistake, inadvertence, or excusable neglect, the insurance company did not appear to defend. Additionally, a meritorious defense was asserted.
Specifically, the petition and accompanying affidavits, which are all that are before this court, allege that a para-legal in the home office of the insurance company failed to properly internally handle the matter. More specifically, an attorney supervisor of the insurance company stated that the para-legal should have referred the matter to him; that if the matter had been so referred, he (the attorney) would have retained "outside" counsel to appear in court for the insurance company. The attorney further stated that they had a meritorious defense.
At the outset, we note that a denial of a motion under the rule allowing the trial court to relieve a party from a final judgment or proceeding is an appealable order. However, the only matter reviewable on appeal is the order of denial itself. A Rule 60 (b)(1) motion does not serve as a *Page 1001 
substitute for appeal, and therefore does not present for review the underlying judgment as indicated. Furthermore, in considering the action of the trial court upon a Rule 60 (b) motion, such as we have here, we look only to determine if there has been an abuse of discretion. See, McSween v. McSween, Ala.Civ.App., 366 So.2d 293 (1979); Gallups v. United StatesSteel Corp., Ala.Civ.App., 353 So.2d 1169 (1978); Marsh v.Marsh, Ala.Civ.App., 338 So.2d 422 (1976); Halstead v.Halstead, 53 Ala. App., 255, 299 So.2d 300 (1974), and cases cited therein.
The insurance company, through able counsel, devotes a good portion of its brief explaining to this court the insurance company's meritorious defense to the trial court's prior action. We do not deem it necessary to address ourselves to this aspect. Conceding without so deciding that the insurance company had a meritorious defense to the action, we still find no such "mistake, inadvertence, or excusable neglect" that would require the trial court to set aside its decree previously entered against the insurance company.
In Charles Townsend Ford, Inc. v. Edwards, Ala.Civ.App.,374 So.2d 900 (1979), facts analogous to the instant appeal were presented to this court. There we found in discussing a Rule 60 (b)(6) motion that the trial court did not so abuse its discretion as to require reversal.
We realize that there may be some considerations present in a Rule 60 (b)(6) motion that are not necessarily present in a Rule 60 (b)(1) motion; however, we find no significant distinguishing considerations present in the instant appeal.
What this court stated in Townsend, supra, 374 So.2d at 902, is appropriate and dispositive of this appeal:
 Under these facts, for this court to find that as a matter of law the trial court was required to set aside the judgment would be tantamount to holding that all judgments by default must be set aside when the defendant simply does not defend within the time prescribed by law. This we are not prepared to do.
Put another way, the insurance company was properly served. It had ample time to defend. However, due to an internal procedure in its own legal counsel department the appropriate documents were not relayed to the proper "in house" lawyer. Based on these facts, we cannot say the trial court so abused its discretion in failing to set aside the default judgment that we are required to reverse.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.