ON REHEARING
The original opinion in this cause, dated February 25, 1981, is withdrawn and the following is substituted therefor.
This case involves an ARCP rule 60 (b)(4) motion.
A default judgment had been entered in the small claims court against the defendant on April 22, 1980. On May 5, 1980 the defendant filed his rule 60 (b) motion requesting that the judgment be set aside, alleging:
 1. The business, Progressive Products, was sold by me on October 2, 1979 and with the provision that all debts be paid by the new owners if any.
 2. I was not ever served notice that this case was in court by the (sheriff) or any of his deputies. I request that this judgment be set aside and that I be relieved from any involvement in this matter.
The motion was denied by the small claims court on June 19, 1980, and the defendant perfected his appeal to the circuit court eight days later. The plaintiff filed its motion to "strike" the appeal, which motion we determine to be filed under Rule 12 (b), ARCP, as a motion to dismiss. The grounds stated in the plaintiff's motion to dismiss were as follows:
 1. The judgment appealed from is the judgment of the District Court on a post-trial motion to set aside a judgment in the District Court. Said judgment of June 19, 1980, is not appealable to the Circuit Court.
 2. The judgment of the District Court dated June 19, 1980, which is appealed from, is the ruling of the District Court on a post-judgment motion, the granting of which was within the discretion of the District Court, therefore the ruling of the District Court is not subject to appeal and trial de novo in the Circuit Court.
 3. The defendant has failed to post a sufficient bond for the appeal.
4. The appeal comes too late.
 5. The judgment appealed from is correct on the face of the record.
 6. The motion to set aside the judgment in the District Court failed to allege a meritorious defense.
 7. At the hearing of the motion to set aside the judgment in the District Court, on June 19, 1980, the plaintiff was present through its attorney, but the defendant did not present any witnesses and did not present sufficient proof of failure of service of the summons and complaint.
 8. The motion by the defendant to set aside the judgment in the District Court fails to allege due diligence in filing the motion, or that he had no notice of the judgment which he was seeking to set aside.
The circuit court granted the above motion. If any of its grounds were valid and authorized the dismissal of the defendant's appeal, we are due to affirm. Before deciding that, however, it is important that we specify exactly what was before the circuit court and what is presently before this court.
The appeal was taken too late to directly appeal to the circuit court from the April 22 judgment. The rule 60 (b) motion was not a substitute for such an appeal, and, although the motion was filed within fourteen days of the entry of the small claims court's final judgment, the motion would not extend the time for perfecting an appeal from the judgment of April 22. Coosa Marble Co. v. Whetstone, 294 Ala. 408,318 So.2d 271 (1975). The appeal to the circuit court could only have been from the district court's order denying the rule 60 (b) motion. Neither the circuit court nor this *Page 406 
court may consider the April 22, 1980 default judgment. The valid issues to be decided by the circuit court consisted entirely of those matters raised by defendant's 60 (b) motion. Consequently, this court is concerned only with the legal correctness of the circuit court's judgment.
 1.
Rule M of the Alabama Small Claims Rules provides:
 A judgment may be appealed to the circuit court by the filing of a notice of appeal in the office of the clerk of the small claims court within fourteen days from the date of the judgment and by furnishing a bond or cash as security for costs incurred in the small claims court, or affidavit of substantial hardship, approved by the court, in place of said bond. Notice of the right to appeal shall be given to the losing party.
The denial of a motion under rule 60 (b) is an appealable order. Halstead v. Halstead, 53 Ala. App. 255, 299 So.2d 300
(1974). Under rule M, the appeal is to the circuit court.
 2.
If the defendant was not served with proper process, the judgment was void. Raine v. First Western Bank, Ala.,362 So.2d 846 (1978).
 The appellants made only a Rule 60 (b)(4) motion, which authorizes relief from void judgments. There is no discretion on the part of the trial court on a Rule 60 (b)(4) motion. If the judgment is void, it is to be set aside; if it is valid, it stands.
Wonder v. Southbound Records, Inc., Ala., 364 So.2d 1173
(1978).
 3.
The defendant filed in the small claims court an affidavit of substantial hardship and received the approval of the court in lieu of a bond. This satisfied one of the provisions of said rule M, and, therefore, it was not essential that an appeal bond be filed.
 4.
The ARCP (dc) also apply to small claims court cases when necessary and when not inconsistent with the small claims rules. ASCR, rule N. The plaintiff contends that the defendant's motion was automatically overruled after the expiration of fourteen days because of the provisions of ARCP rule 59.1, hence a late appeal to the circuit court. However, ARCP rule 59.1 does not apply to motions filed pursuant to ARCP rule 60. Hollingsworth v. Wright, Ala.Civ.App., 369 So.2d 18,cert. denied, Ala., 369 So.2d 21 (1979).
 5.
While the judgment is correct on the face of the record, it would be a void judgment if the defendant was not actually served with the requisite process and suit papers. Raine v.First Western Bank, supra.
 6.
The defendant's contention that he had sold his business to a purchaser who assumed all of the debts is no defense to the complaint of the original creditor. A novation is not averred. The defendant's mere agreement with the business' new owners for them to pay all of the debts of the business would not relieve him from personal liability for a pre-existing debt. If the purchasers of his business fail to pay any debt which they agreed to assume and pay, the defendant could litigate the matter with them, but that contract and breach thereof would not excuse the defendant's indebtedness to the plaintiff. Therefore, the defendant's 60 (b) motion did not contain an averment of a meritorious defense.
However, a meritorious defense need not be pleaded nor proved where the judgment is void. Raine v. First Western Bank, supra;Modernage Homes v. Wooldridge, 55 Ala. App. 68, 313 So.2d 190
(1975).
 7.
This ground has averments as to what happened in the small claims court, *Page 407 
which would be immaterial upon the appeal to the circuit court since § 12-12-71 of the Code of Alabama of 1975 provides for a hearing de novo in the circuit court.
 8.
The monetary judgment was rendered by the small claims court against the defendant on April 22, 1980. He filed his rule 60 (b)(4) motion in that court on May 5, 1980, which was within a reasonable time, the only time restriction on such a motion.McNutt v. Beaty, Ala., 370 So.2d 998 (1979).
For the foregoing reasons, none of the grounds stated in the plaintiff's motion to dismiss were legally sufficient, which places the circuit court in error for granting it. We must reverse and remand for an evidentiary hearing upon defendant's rule 60 (b)(4) motion.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
APPLICATION FOR REHEARING GRANTED.
REVERSED AND REMANDED.
All the Judges concur.