EDWARD N. SCRUGGS, Retired Circuit Judge.
This case was previously before this court and our supreme court. Neal v. Wilson Lumber Co., 410 So.2d 404 (Ala.Civ.App.1981), aff’d, 410 So.2d 407 (Ala.1982). The matter was remanded to the circuit court for a hearing upon Mr. Neal’s rule 60(b)(4), Alabama Rules of Civil Procedure, motion which had been appealed from the small claims court to the circuit court. The facts as stated in those appellate decisions will not be repeated here.
Mr. Neal admits that, after our remand of his case to the circuit court, he did not appear at the circuit court hearing upon his 60(b) motion. As a consequence, the circuit court apparently dismissed his 1980 appeal to the circuit court on February 25, 1983 and remanded the matter to the small claims court. That action of the circuit court had the legal effect of denying Mr. Neal’s 60(b) motion and left standing the original 1980 monetary judgment of the small claims court against Mr. Neal. No appeal was taken to this court from the February 25, 1983 circuit court judgment, but on March 3, 1983 in the small claims court Mr. Neal filed a most confusing notice of appeal to the circuit court, the pertinent parts thereof being as follows:
“Date of Judgment/Order 4/22/80 Date of Post Judgment Order 2/25/83 “Notice is Hereby Given that Randolph E. Neal, Jr. appeals to the Circuit Court of Madison County, Alabama from the order of 2/25/80 in the Madison County Circuit Court, dismissing the appeal to the circuit court that was taken on 6/27/80 seeking to have the denial of defendant's motion to set aside default judgment found void and to be set aside. This appeal is for a trial de novo by a struck jury, which jury trial is hereby demanded by defendant now. This case has been remanded to the jurisdiction of the Small Claims Court as of 2/25/83.”
Apparently the stated date of “2/25/80” should have read “2/25/83.”
The circuit court dismissed Mr. Neal’s March 3, 1983 appeal on April 6, 1983 and he appealed to this court on May 16, 1983.
No appealable judgment has been entered in this case by the small claims court since 1980. No timely appeal to the circuit court could have been taken on March 3, 1983 from any small claims judgment.
In substance, the March 3, 1983 appeal was to the circuit court from the circuit court’s own judgment of February 25, 1983. This is impermissible, for an appeal from the small claims court to the circuit court must be from a final judgment of the small claims court. Rule M, Small Claims Rules; § 12-12-70(a), Code 1975.
By May 16, 1983 the time had expired within which Mr. Neal could directly appeal to this court from the February 25, 1983 circuit court judgment, and the procedures which Mr. Neal elected to use did not extend the time for perfecting such an appeal.
The circuit court properly dismissed Mr. Neal’s appeal of March 3, 1983 and we affirm the circuit court’s judgment of April 6, 1983.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.