This is an appeal from denial of relief under Rule 60 (b), A.R.Civ.P. We affirm.
In June 1982 James and Madge Anderson purchased a lawnmower which proved defective. They sued in Baldwin County Circuit Court to recover their losses and *Page 64 
for punitive damages. On June 14, 1984, a jury awarded them $1,247 for breach of warranty and $5,000 in punitive damages against defendant Sonny Dobbins individually and d/b/a General Tire and Auto. Dobbins failed to appear at trial or otherwise protect his interest.
On June 10, 1984, Dobbins filed a Rule 55 (c), A.R.Civ.P., motion to set aside the default judgment. The motion was denied by operation of law on October 10, 1984, pursuant to Rule 59.1, A.R.Civ.P. On October 15, 1984, the defendant filed a Rule 60 (b) motion for relief from judgment, alleging that the June judgment was acquired without notice to him of trial date and that relief should be granted on that basis. He further contended that the attorney of a co-defendant misrepresented to him that it was not necessary to attend trial. The court denied the motion.
The denial of relief pursuant to Rule 60 (b) is a matter within the discretion of the trial court and absent evidence of abuse of discretion, a decision will not be disturbed. Rodgersv. Rodgers, 424 So.2d 647 (Ala.Civ.App. 1982). Furthermore, the only matter reviewable on appeal is whether the actual motion was properly denied. A 60 (b) motion is not a substitute for appeal and cannot present for review the underlying judgment.Marsh v. Marsh, 338 So.2d 422 (Ala.Civ.App. 1976).
The contentions raised in this appeal fall within Rule 60 (b) subsections (1) and (3). Motions raised under those subsections must be made within four months of entry of judgment. Wilkersonv. City Sales Co., 374 So.2d 1333 (Ala. 1979); McNutt v. Beaty,370 So.2d 995 (Ala.Civ.App. 1978), rev'd on other grounds,370 So.2d 998 (Ala. 1979). In this case, appellant's motion was made after the four month period had expired. The trial court, therefore, did not err in denying relief.
Even if the defendant's motion for 60 (b) relief had been timely filed, the record indicates that there was ample evidence to support the court's denial; thus, there was no abuse of discretion. Rodgers, supra.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.