CRAWLEY, Judge,
dissenting.
I cannot join the court’s opinion holding that Margaret Shoemaker established excusable neglect for her failure to file a substitution within the time allowed by Rule 25(a)(1), Ala. R. Civ. P., and that the trial court, therefore, abused its discretion by not granting Mrs. Shoemaker an enlargement.
The reasons set out in the majority opinion for its holding that Mrs. Shoemaker did establish excusable neglect are: (1) Burttram did not notify Mrs. Shoemaker that a suggestion of death had been filed; (2) the defendants did not notify Mrs. Shoemaker that a suggestion of death had been filed; (3) Morgan, Mrs. Shoemaker’s attorney, reviewed the court file but overlooked the suggestion of death.
First of all, no one had the obligation to notify Mrs. Shoemaker of anything. She was not a party, and neither she nor her attorney could reasonably expect that, without a substitution, they were even in the case. Second, Fred Shoemaker’s death was hardly a matter of which Mrs. Shoemaker and her lawyer were unaware; it seems reasonable to assume that they, rather than the defendants, should have been the ones who filed the suggestion of death. Finally, a lawyer’s overlooking a pleading that all parties agree was contained in the court file has not, to my knowledge, previously been a basis for finding excusable neglect. Cf. Metropolitan Life Ins. Co. v. Akins, 388 So.2d 999, 1001 (Ala.Civ.App.1980) (holding that the trial court did not abuse its discretion by failing to set aside a default judgment against an insurance company, despite the contention that mistake, inadvertence, or excusable neglect on the part of a paralegal who failed to relay the complaint to counsel for the company was the cause of the company’s failure to answer or otherwise defend).
THOMPSON, J., concurs.