Wendy Roberts Mayo appeals from a December 28, 2006, order of the trial court denying her request for postjudgment interest on an award in a judgment entered in her favor on June 28, 2006. We reverse and remand.
Mayo and Charles W. Lawter, now deceased, were involved in an automobile accident.[1] Mayo sued William O. Lawter ("the personal representative"), as personal representative of the estate of Charles W. Lawter, and on June 28, 2006, the jury empaneled for the trial returned a verdict in favor of Mayo in the amount of $12,500. The trial court entered a judgment in favor of Mayo in that amount on the same day. Neither party appealed from that judgment.
James Moncus, Mayo's attorney, sent a letter to the trial court on December 1, 2006, regarding a dispute that had arisen between Mayo and Lawter's insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). In the letter, Moncus stated that State Farm had sent Moncus a check for $12,500 dated September 10, 2006, but that it had not included any *Page 313 
amount for postjudgment interest, as Moncus had previously requested. Moncus attached a copy of the check to the letter. Moncus also claimed in the letter to the trial court that, at the time he received payment from State Farm, $265.76 in interest had accrued on the judgment. Finally, Moncus also asserted in the letter that counsel for the personal representative had requested a hearing regarding the payment of postjudgment interest on September 13, 2006.
The trial court ordered a hearing on the dispute over postjudgment interest, and on December 28, 2006, it entered an order in which it denied Mayo's request for post-judgment interest. Mayo timely appealed to this court.
On appeal, Mayo contends that the trial court erred in failing to award her postjudgment interest from the date of the June 28, 2006, judgment. The personal representative did not file a brief on appeal. "Where the facts of the case are undisputed and the trial court is called upon to determine a question of law, no presumption of correctness attaches to the trial court's ruling and this court's review is de novo." Gilbert v. JamesRussell Motors, Inc., 812 So.2d 1269, 1271
(Ala.Civ.App. 2001). As § 8-8-10, Ala. Code 1975, provides:
 "Judgments for the payment of money, other than costs, if based upon a contract action, bear interest from the day of the cause of action, at the same rate of interest as stated in said contract; all other judgments shall bear interest at the rate of 12 percent per annum, the provisions of Section 8-8-1 to the contrary notwithstanding. . . ."
(Emphasis added.)
Because the underlying action is a tort action and not an action based upon a contract, the June 28, 2006, judgment falls under the "all other judgments" portion of the statute, which states that the judgment "shall bear interest."Id. (emphasis added). Under the plain language of the statute, Mayo was entitled to interest that accrued after entry of the June 28, 2006, judgment at a rate of 12% per year.
"When statutory language is clear and unambiguous, this Court is compelled to give that language its plain meaning, giving effect to the apparent intent of the legislature." Robinsonv. Evans, 959 So.2d 634, 638-39 (Ala. 2006). Therefore, we agree with Mayo that the trial court erred in denying her request for post-judgment interest. See Smith v. MEL LifeAssurance Corp., 604 So.2d 406, 407 (Ala. 1992)("Section8-8-10, Ala. Code 1975, states that all `[j]udgments for the payment of money, other than costs,' bear interest from the date of judgment."); State Dep't of Human Res. v. R.L.R.,743 So.2d 495, 498 (Ala.Civ.App. 1999) ("Under Alabama law, all judgments, other than judgments based upon contract actions, bear interest at the rate of 12 percent per annum.").
Accordingly, we reverse the trial court's December 28, 2006, order and remand the case for the trial court to enter a judgment in favor of Mayo for the amount of interest that has accrued since the entry of the June 28, 2006, judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
[1] The record does not reveal whether Lawter died as a result of the car accident or as a result of some other cause.
 *Page 314