THOMAS, Judge.
 

 Stanley Bowen (“the former husband”) and Kathy D. Bowen (“the former wife”) were divorced in 2002. Some time after the divorce judgment was entered, the former husband was injured at work and he fell behind in his child-support and alimony payments, in part because moneys being deducted from his disability payments by his employer were not being forwarded to the former wife. In February 2003, the former wife sought to have the former husband held in contempt for various reasons; her action was docketed as case number DR-01-1172.01.
 
 State Dep’t of Human Res. ex rel. Bowen v. Bowen,
 
 958 So .2d 901, 902 (Ala.Civ.App.2006). The State Department of Human Resources (“DHR”) later filed an action on behalf of the former wife seeking to have the former husband held in contempt for his failure to pay child support; that action was docketed as case number DR-01-1172.02; however, DHR’s action was later dismissed without prejudice.
 
 Bowen,
 
 958 So.2d at 903. After the trial court entered a judgment on the former wife’s contempt action, the former husband filed a post-judgment motion.
 
 Id.
 
 at 902. The former husband attempted to interject a custody-modification issue in the pending contempt action; however, the former wife objected to his attempt, and the former husband then filed a third action, in May 2005, which was docketed as case number DR-01-1172.03, in which he sought custody of the older child of the parties, Conner.
 
 Id.
 
 The parties reached an agreement regarding custody, and the trial court entered a judgment in case number DR-01-1172.03 reflecting that agreement.
 
 Id.
 
 After considering the former husband’s post-judgment motion, the trial court also entered a judgment in October 2005 in case number DR-01-1172.01 determining that, after considering the lump-sum payments delivered to the former wife on behalf of the former husband by both his employer and the Social Security Administration, the former husband had overpaid his obligations to the former wife and his children.
 
 Id.
 

 Because DHR had applied the moneys turned over by the former husband’s employer first to his child-support arrearage, the Social Security disability benefits awarded to the children were more than sufficient to pay the former husband’s remaining child-support arrearage. However, that left the former husband owing the former wife an alimony arrearage, despite the fact that the money had actually been paid by the former husband. To adjust the equities of the parties, the trial court, in its October 2005 judgment, credited the money overpaid to the former wife against the former husband’s future alimony obligation. The judgment read, in pertinent part, as follows:
 

 “3. The [former wife] should receive $7,666.00 from Social Security. Provided she receives this money, the [former husband] shall receive a credit of $2,778.18 towards the balance of his alimony arrearage. The reminder
 
 *12
 
 $4,887.82 shall be credited towards future alimony payments at $100.00 per month. Once this credit expires the [former husband] shall continue the $100.00 month alimony payments subject to the provisions of the original Divorce Decree.
 

 “4. The [former husband] shall receive a $1,000.00 credit towards the rifle which he was awarded in the original decree. He may apply this credit towards future alimony payments.”
 

 DHR appealed the October 2005 judgment; however, because it was no longer a party, we dismissed the appeal.
 
 Bowen,
 
 958 So.2d at 908. The former wife did not appeal the October 2005 judgment.
 

 In September 2006, the former husband filed a petition seeking postminority educational support for Conner. The former husband further sought a modification of his periodic-alimony obligation and to have the former wife held in contempt for failing to return certain items to which the former husband was entitled under the divorce judgment. The former wife answered the former husband’s complaint and counterpetitioned for an increase in periodic alimony; for an award of $80,000, representing the value of the Chevrolet Tahoe automobile that the former husband had been required to pay the indebtedness on in the divorce judgment but that had been forfeited in the former husband’s bankruptcy proceedings; and to have the provision of the October 2005 judgment awarding the former husband a credit against his future periodic-alimony obligation declared void. The former husband opposed the former wife’s petition.
 

 After a trial, at which the former husband, the former wife, and Conner testified, the trial court entered a judgment on May 8, 2008, holding the former wife in contempt as requested, eliminating the former husband’s credit against future alimony payments contained in the October 2005 judgment, and denying the petition for postminority educational support for Conner; the judgment further provided that any requests that were not specifically addressed in the judgment were denied, so the trial court effectively denied the former wife’s request for an increase in alimony and for a $30,000 judgment representing the value of the Chevrolet Tahoe automobile. The former husband filed a postjudgment motion, in which he argued that the trial court lacked jurisdiction to eliminate the credit awarded him in the October 2005 judgment and that the trial court had failed to consider the proper factors in denying the request for postmi-nority educational support. After a hearing on the motion, the trial court denied the former husband’s motion. The former husband appeals, arguing that the trial court erred in denying postminority educational support and in eliminating the credit against his future alimony payments provided for in the October 2005 judgment.
 

 The portions of the May 2008 judgment pertinent to this appeal read as follows:
 

 “3. The prospective alimony credit is hereby eliminated. [The former husband] shall recommence alimony payments of $100.00 per month beginning May of 2008.
 

 “4. Since [the former husband] received a windfall with the full benefit of both lump sum Social Security Administration Disability checks for [the parties’ children] by virtue of the previous Court’s Order of October 2005, plus successfully avoided his obligation to supply adequate transportation for the [former wife] and the parties’ minor child in [the former wife’s] custody by bankrupting on the Tahoe debt, equity would demand that [the former husband’s] request for assistance on Conner’s college tuition be DENIED. Therefore, [the former hus
 
 *13
 
 band’s] request in regards to that issue is hereby DENIED.”
 

 On appeal, the former husband first challenges the trial court’s denial of postminority educational support, arguing that the trial court failed to consider the proper factors in denying the request. Our supreme court authorized the imposition of postminority educational support in
 
 Ex parte Bayliss,
 
 550 So.2d 986 (Ala. 1989). When considering an application for postminority educational support, “the trial court shall consider all relevant factors that shall appear reasonable and necessary, including
 
 primarily
 
 the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education.”
 
 Ex parte Bayliss,
 
 550 So.2d at 987. Other factors the trial court may consider include “the standard of living that the child would have enjoyed if the marriage had not been dissolved and the family unit had been preserved and the child’s relationship with his parents and responsiveness to parental advice and guidance.”
 
 Id.
 
 We agree with the former husband that the trial court improperly failed to consider those factors set forth in
 
 Ex parte Bayliss
 
 and focused instead on the former husband’s lump-sum backpay awards resulting from his workplace injury and subsequent disability determination and the outcome of his bankruptcy proceeding to determine that postminority educational support was not warranted. We therefore reverse the trial court’s denial of the former husband’s request for postminority educational support for Conner and remand the cause with instructions that the court apply the proper factors in its consideration of the request on remand.
 

 The former husband also argues that the trial court improperly eliminated the credit awarded him against his future alimony payments contained in the October 2005 judgment. Although the former wife’s initial pleading did not rely on Rule 60(b), Ala. R. Civ. P., the parties argued the applicability of that rule to the trial court and continue to argue that rule on appeal. Rule 60(b) provides:
 

 “On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[, Ala. R. Civ. P.]; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. Leave to make the motion need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending before such court. If leave of the appellate court is obtained, the motion shall be deemed to have been made in the trial court as of the date upon which leave to make the motion was sought in the appellate court. This rule does not limit the power of a court to entertain an independent action within a reasonable time and not
 
 *14
 
 to exceed three (3) years after the entry of the judgment (or such additional time as is given by § 6-2-3 and § 6-2-8, Code of Alabama 1975) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, supersede-as, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.”
 

 The former wife argues that the October 2005 judgment was void, thus compelling relief under Rule 60(b)(4); that it is no longer equitable that the October 2005 judgment have prospective application, thus presenting a basis for relief under Rule 60(b)(5); and that “sufficient grounds and reasons” justify relief from the judgment under Rule 60(b)(6), the “catch-all” provision of the rule. The former husband, however, argues that the former wife was not entitled to relief under any of the subdivisions of Rule 60(b). We agree with the former husband that the trial court had no basis under Rule 60(b) to reconsider the credit awarded the husband in the October 2005 judgment.
 

 Because the former wife does not rely on the first three subdivisions of Rule 60(b), we need not discuss those subdivisions. Instead, we begin with the standard of review applicable to a Rule 60(b)(4) motion, which, unlike all other subsections of the rule, is not whether the trial court abused its discretion in granting or denying the motion; instead, an appellate court must determine whether, in fact, the judgment under attack is or is not void.
 
 Pollard v. Etowah County Comm’n,
 
 539 So.2d 225, 227 (Ala.1989). If a judgment is void, the trial court must set it aside; and, conversely, if it is not, the trial court cannot grant the requested relief.
 
 Pollard,
 
 539 So.2d at 228.
 

 The former husband argues that the October 2005 judgment, if assailable at all, is merely voidable and not void. This distinction is vitally important, because “a Rule 60(b)(4) motion to have a prior judgment set aside will be granted only where the prior judgment is void rather than voidable.”
 
 Williams v. Williams,
 
 581 So.2d 1116, 1117 (Ala.Civ.App.1991). A judgment is void only if “the prior judgment lacked jurisdiction over the subject matter, or over one or more of the parties, or otherwise acted in a manner inconsistent with due process.”
 
 Williams,
 
 581 So.2d at 1117. The former wife does not, and cannot, contend that the trial court lacked jurisdiction over the subject matter of the prior action — the alimony and child-support obligations of the former husband — or over the parties to that action.
 
 See Marsh v. Marsh,
 
 338 So.2d 422, 423 (Ala.Civ.App.1976) (noting the trial court’s continuing jurisdiction over the subject matter of a divorce action and the personal jurisdiction acquired through a party’s own modification petition). Nor does she or can she argue that the trial court acted in a manner inconsistent with due process when she had notice of the trial, participated in the trial, and participated in a failed appeal of the October 2005 judgment.
 
 [1]
 

 See Neal v. Neal,
 
 856 So.2d 766, 782 (Ala. 2002).
 

 Instead, the former wife focuses on an argument that the trial court lacked “jurisdiction” to credit any amount of the lump-sum payments against the former husband’s alimony obligation. She relies
 
 *15
 
 on cases holding that it is improper to set off debts owed by a former wife against a former husband’s alimony obligation.
 
 See, generally, Sanders v. Burgard,
 
 715 So.2d 808, 810 (Ala.Civ.App.1998);
 
 Ryan v. Ryan,
 
 271 Ala. 248, 123 So.2d 102 (1960). We need not consider those cases, however, because the former wife’s argument is unavailing. Errors in the application of the law by the trial court do not render a judgment void.
 
 Halstead v. Halstead,
 
 53 Ala.App. 255, 256, 299 So.2d 300, 301 (Civ. App.1974). “It is claimed that the judgment is void because it does not comply with the law of the State of Alabama. The simple fact that a court has erroneously applied the law does not render its judgment void.”
 
 Halstead,
 
 53 Ala.App. at 256, 299 So.2d at 301;
 
 see also Neal,
 
 856 So.2d at 781, 782 (“John confuses legal error with want of subject-matter jurisdiction or want of due process of law.” “However, the misinterpretations and misapplications of law that John ascribes to the aspects of the January 30, 1997[,] judgment ... did not deprive John of due process of law.”). The trial court could not have set aside the credit awarded in the October 2005 judgment under Rule 60(b)(4) because the October 2005 judgment was not void.
 

 The former wife also relies on a portion of Rule 60(b)(5), which states, in part, that relief from a judgment may be obtained if “it is no longer equitable that the judgment should have prospective application.” As noted above, the standard of review of a motion considered under Rule 60(b)(5) is quite different from one considered under Rule 60(b)(4). When reviewing the trial court’s grant of a Rule 60(b)(5) motion, we must consider whether the trial court abused its discretion.
 
 Pollard,
 
 539 So.2d at 227;
 
 Satterfield v. Winston Indus., Inc.,
 
 553 So.2d 61, 63 (Ala. 1989).
 

 The former wife indicates in her brief to this court that the reason that a prospective application of the October 2005 judgment is no longer equitable is the underlying failure of the trial court’s October 2005 judgment to be properly based on applicable law. The portion of Rule 60(b)(5) upon which the former wife relies, however, does not permit a trial court to revisit a final judgment because of alleged failures in its legal underpinnings; instead, “[t]hat portion of Rule 60(b)(5) ... applies only when new facts or new law arises after the original judgment is entered, rendering prospective application of the judgment inequitable.”
 
 Satterfield,
 
 553 So.2d at 63. The former wife has not alleged any changes in the facts or the law that give rise to any inequitable result if the October 2005 judgment is applied prospectively; she merely argues that the trial court “got it wrong” when it entered the October 2005 judgment. Thus, the former wife has failed to establish a basis upon which the trial court could have granted her Rule 60(b)(5) motion; in light of this failure, the trial court abused its discretion in granting relief under Rule 60(b)(5).
 

 Finally, the former wife contends that she is entitled to have the October 2005 judgment set aside under Rule 60(b)(6). This final provision of Rule 60(b) is considered to be applicable in only the most extraordinary circumstances.
 
 Kimbrell v. Kimbrell,
 
 965 So.2d 789, 794 (Ala. Civ.App.2007). Although we must review the trial court’s decision to grant a Rule 60(b)(6) motion only to determine whether the trial court abused its discretion, our caselaw has consistently required that a motion under Rule 60(b)(6) not be used as a substitute for an appeal.
 
 City of Daphne v. Caffey,
 
 410 So.2d 8, 10 (Ala.1981); and
 
 Marsh v. Marsh,
 
 338 So.2d at 423. That is, we have held that relief should not be granted in circumstances in which “a party ... has failed to do everything reasonably within [its] power to achieve a favorable result before the judgment becomes final.”
 
 *16
 

 Patterson v. Hays,
 
 623 So.2d 1142, 1145 (Ala.1993). To put it simply, “Rule 60(b)(6) is not available as a substitute for an appeal and may not be used to relieve a party from failure to exercise the right of appeal.”
 
 Williams,
 
 581 So.2d at 1118. The former wife has not alleged any extraordinary or compelling reasons for relief under Rule 60(b)(6). The failure of the former wife to appeal the October 2005 judgment, and the dismissal of the appeal of that judgment filed by DHR, are precluded by our caselaw from serving as a basis to set aside the October 2005 judgment regardless of its allegedly flawed legal basis. To affirm the grant of relief under Rule 60(b)(6) in this case would be to permit the former wife to “subvert the principle of finality of judgments,”
 
 Patterson,
 
 623 So.2d at 1145, which we cannot allow.
 

 Because the former wife did not establish a basis under either Rule 60(b)(4), (5), or (6) for relieving her from the provision of the October 2005 judgment awarding the former husband a credit against his future alimony obligation, we must reverse the trial court’s judgment insofar as it eliminated that credit. We have also reversed the trial court’s judgment insofar as it denied the request for postminority educational support for Conner because of the trial court’s failure to consider the relevant factors set out in
 
 Ex parte Bayliss.
 
 We remand the cause, and on remand the trial court should reconsider the request for postminority educational support by applying those factors to the evidence of record.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . At the trial, the former wife indicated that DHR had prosecuted the appeal of the contempt action on her behalf.