Rel: March 27, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

————————————————

## CL-2025-1018

————————————————

### Alabama State Employees Credit Union

### v.

### Trevor Spencer

### Appeal from Lee Circuit Court
### (CV-25-900129)

MOORE, Presiding Judge.

On June 27, 2025, the Lee Circuit Court entered a default judgment in favor of the Alabama State Employees Credit Union ("ASECU") in a breach-of-contract action it had commenced against Trevor Spencer. The default judgment provided, in pertinent part:

> "A default judgment for $24,086.85 plus court costs is entered in favor of [ASECU] and against [Spencer]. Post-judgment interest shall accrue at the legal rate of 7.50% per year or at the contract rate (whichever is lower) on the unpaid portion of the Judgment."

(Bold typeface and capitalization omitted.) ASECU timely filed, pursuant to Rule 59, Ala. R. Civ. P., a postjudgment motion requesting that the circuit court delete from the judgment the provision relating to postjudgment interest. ASECU argued that, under Ala. Code 1975, § 8-8-10, it was entitled to postjudgment interest of 17.5% as established in its contract with Spencer. The circuit court allowed the postjudgment motion to be denied by operation of law, <u>see</u> Rule 59.1, Ala. R. Civ. P., and ASECU timely appealed.

On December 19, 2025, after ASECU had appealed, the circuit court, on its own motion, decided to treat the Rule 59 postjudgment motion as a motion for relief from the default judgment under Rule 60(b)(6), Ala. R. Civ. P. The circuit court entered an order purporting to amend the default judgment to provide, in pertinent part: "Post-judgment interest shall accrue at the statutory rate as defined by § 8-8-10 of the Code of Alabama (1975)." However, that order was a nullity. Once the Rule 59 postjudgment motion was denied by operation of law,

the circuit court lost jurisdiction to rule upon it. See Smith v. Smith, 4 So. 3d 1178 (Ala. Civ. App. 2008). The circuit court did not have the authority under Rule 60(b)(6) to revive the postjudgment motion without ASECU's requesting relief from the default judgment. "Rule 60(b) requires that a party move for relief from a judgment, and does not provide for sua sponte relief by the trial court." Ex parte P&H Constr. Co., 723 So. 2d 45, 49 (Ala. 1998). A circuit court may, on its own motion, vacate a void judgment, see K.M.D. v. T.N.B., 227 So. 3d 512 (Ala. Civ. App. 2017), but the circuit court did not vacate the judgment because it was void; the circuit court improperly purported to amend the judgment to correct what it perceived to be a legal error. That amendment being ineffective, the original default judgment stands.

On appeal, ASECU argues that the provision in the default judgment addressing postjudgment interest is erroneous and void. We agree that the circuit court erred in limiting postjudgment interest to the statutory interest rate of 7.5%, but we conclude that that error did not make the postjudgment-interest-rate provision void.

Section 8-8-10(a) provides, in pertinent part:

"Judgments for the payment of money, other than costs, if based upon a contract action, bear interest from the day of the

3

cause of action, at the same rate of interest as stated in the contract; all other judgments shall bear interest at the rate of 7.5 percent per annum, the provisions of Section 8-8-1[, Ala. Code 1975,] to the contrary notwithstanding."

By its plain language, § 8-8-10(a) provides that, in a breach-of-contract action, postjudgment interest accrues at the contract rate. See Southeast Enters., Inc. v. Byrd, 720 So. 2d 873 (Ala. 1998). "'When statutory language is clear and unambiguous, [an appellate court] is compelled to give that language its plain meaning, giving effect to the apparent intent of the legislature.' Robinson v. Evans, 959 So. 2d 634, 638-39 (Ala. 2006)." Mayo v. Lawter, 974 So. 2d 312, 313 (Ala. Civ. App. 2007). In this case, ASECU attached to its complaint the contract between the parties, which provided for an interest rate of 17.5%. Thus, the correct postjudgment-interest rate was 17.5%. The circuit court erred in imposing the lesser statutory interest rate of 7.5% in the default judgment. Because of that error, the circuit court's judgment is reversed, and the case is remanded for the entry of a judgment consistent with this opinion.

However, the judgment is not void. "A judgment is void only if the court which rendered it lacked jurisdiction over the subject matter or one or more of the parties, or otherwise acted in a manner inconsistent with

4

due process." <u>Ex parte Tampling Tile Co.</u>, 551 So. 2d 1072, 1074 (Ala. Civ. App. 1989).

> "Errors in the application of the law by the trial court do not render a judgment void. <u>Halstead v. Halstead</u>, 53 Ala. App. 255, 256, 299 So. 2d 300, 301 (Civ. App. 1974). 'It is claimed that the judgment is void because it does not comply with the law of the State of Alabama. The simple fact that a court has erroneously applied the law does not render its judgment void.' <u>Halstead</u>, 53 Ala. App. at 256, 299 So. 2d at 301; see also <u>Neal [v. Neal]</u>, 856 So. 2d [766,] 781, 782 [(Ala. 2002)] ('John confuses legal error with want of subject-matter jurisdiction or want of due process of law.' 'However, the misinterpretations and misapplications of law that John ascribes to the aspects of the January 30, 1997[,] judgment ... did not deprive John of due process of law.')."

<u>Bowen v. Bowen</u>, 28 So. 3d 9, 15 (Ala. Civ. App. 2009). The circuit court misapplied § 8-8-10, but that error did not affect its jurisdiction over the case or deprive ASECU of due process. Accordingly, we deny ASECU's invitation to declare that the default judgment, or any other judgment awarding the statutory interest rate in a breach-of-contract action, is void.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Bowden, JJ., concur.