The issue on appeal[1] is whether notice of service by publication, which followed an unsuccessful attempt at personal service, was sufficient for the circuit court to acquire jurisdiction of the person of the defendant and enter a default judgment on plaintiffs' behalf against the defendant when defendant failed to appear.
Annie Lee Horton and James A. Horton filed a complaint on February 17, 1981, against Claude Allen Braley and others, in which Mrs. Horton claimed money damages for personal injuries she allegedly suffered as a result of defendant's alleged negligence in allowing a caustic gaseous substance to escape from a tractor trailer rig he was driving. Mr. Horton sued for loss of consortium.
The summons was directed to defendant's then known address in care of his mother, Mary E. Braley, 1326 N. Washington, Russellville, Alabama. The Franklin County sheriff attempted service and made a return indicating "defendant has moved out of state." Consequently, on September 8, 1981, the attorney for plaintiffs filed an affidavit stating in essence that the only address of the defendant he had been able to obtain was that in care of his mother in Russellville, Alabama, and that the sheriff's return on the summons was marked "defendant has moved out of state." In the affidavit, the attorney further stated that the defendant was not a resident of the State of Alabama at that time, and his residence was unknown and could not be ascertained after reasonable effort.
Notice of service was then published in the Franklin CountyTimes by the Clerk of the Franklin County Circuit Court for four consecutive weeks, beginning September 13, 1981, notifying defendant to answer the complaint by November 6, 1981, or face entry of a default judgment.
On November 10, 1981, attorney for the plaintiffs filed an application with the circuit court of Franklin County for entry of default. The same day, default judgment was entered against defendant; however, no money judgment was rendered at that time. Within the appropriate time limit, the attorney for defendant moved to set aside the default and quash the service made by publication. The court overruled those motions and the defendant appealed.
Appellant contends that Rule 4.3 (c), ARCP, does not permit service by publication in this case because appellant is a nonresident. Appellees, on the other hand, argue that the appellant has, in effect, avoided service because he moved out of the state and "reasonable diligence" on their part failed to disclose appellant's proper address. At the very minimum, appellees maintain, this fact shows that the appellant has been absent from his residence for more than 30 days since the complaint was filed. Neither the appellant nor his attorney disputed the affidavit filed by appellees' attorney, nor did either file a counter-affidavit showing proof of nonresidence.
Was publication in this case permissible? In view of the record now before us, we cannot determine that fact. We determine it is necessary to remand the cause to the trial court to find whether the defendant was, in fact, a resident of Alabama or was a *Page 465 nonresident. Appellees' attorney filed an affidavit which read, in part, as follows:
 "I am the attorney for the plaintiffs in the above matter.
 "The only address I have been able to obtain on the defendant, Claude Allen "Buddy" Braley, is in care of his Mother, Mary E. Braley, 1326 N. Washington, Russellville, Alabama. I forwarded a summons and complaint to be served on said defendant at this address and it was returned by the Franklin County Sheriff's Department marked "moved out of state".
 "Defendant is not a resident of the State of Alabama at this time, and his place of residence is unknown, and it cannot be ascertained after reasonable effort, and further, that in the belief of said affiant the said defendant is over twenty-one years of age."
Rule 4.3 (d)(1) provides:
 "Before service by publication can be made in an action where the identity or residence of a defendant is unknown, or when a defendant has been absent from his residence for more than thirty days since the filing of the complaint or where the defendant avoids service, an affidavit of a party or his counsel must be filed with the court averring that service of summons or other process cannot be made because either the residence is unknown to the affiant and cannot with reasonable diligence be ascertained, or, the identity of the defendant is unknown, or, the resident defendant has been absent for more than thirty days since the filing of the complaint, or, the defendant avoids service, averring facts showing such avoidance." (Emphasis added.)
Publication was made as prescribed by Rule 4.3 (d)(2) and (3), ARCP, and a default was entered by the court following appellant's failure to appear. Rule 4.3 (d)(2) authorizes service on resident defendants; therefore, whether the defendant was a resident or nonresident defendant is critical.
The record on appeal is sparse, especially as to facts surrounding the question of the appellant's actual residence
and the reasons he could not be found by the sheriff. We are not aware, therefore, of any testimony or other evidence the court may have considered, because it is not in the record on appeal.[2] The sheriff's return and the attorney's affidavit both make reference to the fact that appellant may have been anonresident, rather than a resident. When the residence of a defendant is known, and appellees alleged they knew defendant's residence in this case, the service by publication can be had only if a resident defendant has been absent from his residence for more than thirty days since the filing of the complaint if a resident defendant is seeking to avoid service. Rule 4.3 (d)(1) Appellees contend the record before us is sufficient to show either one or both of these facts. We cannot agree, but we do not reverse the judgment entered, but remand the cause to the circuit court to allow the appellees to show, if they can and so desire, that appellant was a resident defendant and that service upon him could be obtained by publication because one or more of the criteria set forth in Rule 4.3 (d)(1) was met. In this case, we do not apply the principle that the court may have had sufficient evidence or other matters presented to it, and not contained in the record, which would sustain its ruling[Brown v. Kingsberry Mortg. Co., 349 So.2d 564, 568 (Ala. 1978)], because of the references in the record in both the sheriff's return and the attorney's affidavit which refer to the fact that the defendant had moved out of state and, therefore, may have been a nonresident defendant.
After reviewing the record in this case, the Court cannot determine that the constitutional requirements necessary for a valid service of process by publication were fulfilled. SeeMullane v. Central Hanover *Page 466 Bank Trust, 339 U.S. 306, 317, 70 S.Ct. 652, 659,94 L.Ed. 865 (1950); Robinson v. Hanrahan, 409 U.S. 38, 40, 93 S.Ct. 30,31, 34 L.Ed.2d 47 (1972).
The cause is remanded to the Franklin Circuit Court with directions to conduct a hearing on the question of the residency of the defendant, and to make findings of fact and cause those findings, together with any evidence or other matter upon which those findings are based, to be filed in this Court within 56 days after the date the mandate of this Court is issued.
REMANDED WITH DIRECTIONS.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
 ON RETURN TO REMAND
This case was remanded and a hearing was held by the circuit court to determine whether the defendant Buddy Braley was in fact a resident or nonresident of the State of Alabama. Following the hearing, the trial court determined that at the time of attempted service of process on February 17, 1981, Buddy Braley was a nonresident of this state. Having reviewed the record of the hearing thoroughly, we conclude that the circuit court's determination that the defendant was anonresident at the time the Franklin County sheriff attempted service was proper. Consequently, the notice of service by publication, pursuant to Rule 4.3 (d), ARCP, was not sufficient for the circuit court to acquire jurisdiction of the person of the defendant and to enter a default judgment on the plaintiff's behalf against the defendant when defendant failed to appear. Accordingly, we reverse the default judgment entered by the circuit court and remand.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
[1] Defendant filed a petition for permission to appeal from an interlocutory order entered by the circuit court. This Court granted the defendant permission to appeal.
[2] The appellee, in brief stated that the trial judge held a hearing on the process issue and the parties presented a memorandum of authorities to the trial judge. The appellant did not controvert this statement of fact made by the appellee in brief. If there was a hearing at which the process issue was presented to the judge, we do not have the benefit of it, because neither party designated the hearing as a part of the record on appeal.