I agree that the judgment of the trial court must be reversed, but I disagree with that portion of the opinion which holds that an in personam judgment can be based on service by publication on a nonresident defendant.
 My examination of the interaction between A.R.Civ.P. 4.2 and 4.3 leads me to the conclusion that publication is not an available alternative for acquiring service over a nonresident defendant.
 Supportive of my view is an article by Professor Jerome Hoffman in the January 1988 issue of the Alabama Lawyer. In this article Professor Hoffman says:
 "An in personam judgment is one (usually for money damages) that the sheriff can execute against the defendant or one that subjects the defendant to the court's contempt power. Rule 4.3(a)(2), ult. sent., provides: 'In no event shall an in personam judgment be entered on service by publication except as provided in subparagraph (c) of this rule.'
. . .
". . .
 ". . . If, upon service by publication, a non-resident appears and defends, an in personam
judgment rendered against him will, of course, be valid. But an in personam judgment obtained by default against a nonresident defendant is void if based solely upon service by publication. Braley v. Horton, 432 So.2d 463 (Ala. 1983). A party moving for service by publication must show affirmatively, by affidavit or otherwise, that the party to be served is a resident of Alabama, and the trial court must make a finding of residency upon that showing. Id. at 466.
 "On its face, Rule 4.2(b)(1)(C) seems to contradict the proposition that in personam
judgments can be obtained by publication only against resident defendants. The rule provides that out-of-state service by certified mail 'shall be deemed to confer in personam jurisdiction.' Rule 4.2(b), lines 5 6. The provision is not limited on its face to out-of-state service upon Alabama residents; indeed, one supposes that the principal utility of Rule 4.2(b) is to be found in its application to nonresidents. Rule 4.2(b)(1)(C) then provides:
 " '. . . In the event that the return receipt shows failure of delivery, service is complete when the serving party . . . files with the clerk an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served, and service by publication is made under Rule 4.3(c).'
 "Ult. sent., emphasis added — Here, also, the provision is not limited on its face to out-of-state service upon Alabama residents and, read only with the provision 'shall be deemed to confer in personam jurisdiction' and not with the related provisions of Rule 4.3(a)(2) and 4.3(c), would seem quite clearly to authorize in personam
judgments obtained by publication *Page 311 
against defendants not residents of Alabama. Rule 4.2 must be read with Rule 4.3, however, and the proscription set forth in Rule 4.3(a)(2), ult. sent., is plain: 'In no event shall an in personam
judgment be entered on service by publication except as provided in subparagraph (c) of this rule,' which then limits in personam effect to judgments obtained against resident defendants. . . . Thus, it seems reasonable to suppose that Rule 4.3 was intended to control on this matter and that only resident defendants are subject to in personam judgments obtained by publication under any circumstances."
 Hoffman, Service by Publication under Rule 4.3, 49 Ala. Law. 18 (1988) (emphasis added).
 Additionally, in Braley v. Horton, 432 So.2d 463 (Ala. 1983), our supreme court remanded a case to the trial court with specific instructions to determine whether a defendant, who was served by publication, was a resident or nonresident of Alabama. The court pointed out that A.R.Civ. P. 4.3 "authorizes service [by publication] on resident defendants; therefore, whether the defendant was a resident or nonresident
defendant is critical." Braley.
 Upon remand, the trial court in Braley determined that the defendant was a nonresident of Alabama. Pursuant to this finding, the court held:
 "Consequently, the notice of service by publication, pursuant to Rule 4.3(d), ARCP, was not sufficient for the circuit court to acquire jurisdiction of the person. . . ."
Braley.
 Similarly, it is this failure to acquire personal jurisdiction over Mr. Gross that renders the judgment against him void. I recognize that our trial courts, after entering divorce decrees, possess continuing jurisdiction over questions of child support. Brown v. Brown, 476 So.2d 114
(Ala.Civ.App. 1985). However, this continuing jurisdiction is continuing subject matter jurisdiction. Brown. Personal jurisdiction is a separate question, and without such jurisdiction the court is powerless. Wells v. Wells, 376 So.2d 750 (Ala.Civ.App. 1979).
 In view of my interpretation of Rules 4.2 and 4.3, as well as the supreme court's holding in Braley, I cannot find that substituted service — specifically, service by publication — provides a mechanism for acquiring personal jurisdiction over a nonresident defendant in an in personam proceeding. In the present case the trial court found the defendant to be in arrears in his child support payments and then modified the child support decree by increasing payments from $70 per month to $500 per month, and this judgment is based on notice by publication. A state court's ability to enter an in personam
judgment against a defendant is limited by the due process clause of the fourteenth amendment. Alabama Waterproofing Co. v. Hanby, 431 So.2d 141 (Ala. 1983). I believe that acquiring service in this manner oversteps the limits of constitutional due process. See, Alabama Power Co. v. VSL Corp., 448 So.2d 327 (Ala. 1984).