RUSSELL, Judge.
Warner Knight appeals from the circuit court’s dismissal of his appeal from the juvenile division of the district court, which had denied his Rule 60(b), Alabama Rules of Civil Procedure, motion to set aside an entry of default. We affirm.
The dispositive issue is whether the trial court erred in dismissing Knight’s appeal.
At the outset we note that the denial of a Rule 60(b) motion is the only matter that is reviewable on appeal and that neither the merits nor the correctness of the underlying judgment may be examined in this review. Douglass v. Capital City Church of the Nazarene, 443 So.2d 917 (Ala.1983). In addition, the matter of the denial of relief under Rule 60(b) is within the discretion of the trial court and will not be disturbed absent evidence of abuse of discretion. Dobbins v. Anderson, 496 So.2d 63 (Ala.Civ.App.1986).
The record reveals that the state of Alabama, on behalf of Shirley Nunn, filed a complaint seeking an adjudication of paternity and seeking support, alleging that Knight is the father of Nunn’s minor child. Knight was served and was represented by counsel, who had hearings delayed twice to allow for blood tests. The hearing was reset several other times, and a default was entered against Knight on November 15, 1989, with a default judgment being filed in the clerk’s office on December 1, 1989. Knight was served with a copy on December 26, 1989.
On February 15, 1990, the state filed a contempt petition against Knight for nonpayment of support. Thereafter, on March 29, 1990, a contempt order was entered, which showed that Knight was $1,044.75 in arrears in payment of child support, and he paid $500 on the arrearage.
On July 13, 1990, another contempt petition was filed by the state against Knight, and on August 15, 1990, Knight filed a motion in district court to set aside the entry of default. The motion was denied the same day, and Knight appealed from district court to circuit court for a trial de novo. The matter was heard in the circuit court on November 15, 1990, and an order was entered on December 11, 1990, denying the motion to set aside the entry of default and finding that the motion was untimely filed.
Knight relies on Rule 60(b) and contends that the failure of his attorney to appear at the final hearing in this cause or to notify him of the hearing caused his failure to appear and mandates that the default judgment be set aside.
However, we note that the time for filing a Rule 60(b) motion is as follows: “The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken.”
Knight was served and appeared through his representative, his attorney, *1208 and that representative was notified of all dates on which hearings were set. Although a default judgment was entered against Knight on December 1, 1989, and he was served with a copy on December 26, 1989, followed by contempt petitions in February and July of 1990, Knight did not file the motion to set aside the entry of default until August 15, 1990, more than eight months after the judgment was entered. Such action based on the facts in this case cannot be considered to be reasonable; therefore, we find that the motion to set aside the entry of default was untimely filed and that the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.