James K. Bieber (husband) appeals from the trial court's denial of a Rule 60(b), A.R.Civ.P. motion to set aside a final judgment of divorce for failure of proper service.
On January 8, 1985, Diane Bieber (wife) filed a complaint for divorce from bed and board. On this same date, a summons was issued for the husband at his last known address at the Hotel President in Manhattan, New York. Two attempts were made to serve the husband by first class mail at the aforementioned address, and one attempt was made to serve the husband at an address in Scottsboro, Alabama. All of these attempts were unsuccessful. The first class letters addressed to the husband's address in New York were returned marked "moved, not forwardable," and the letter addressed to the husband's address in Alabama was returned marked "return to sender."
On December 26, 1985, the wife filed an amended complaint in which she sought a divorce, a complete dissolution of the marital bonds, custody of the parties' one child, Grant Bieber (minor child), child support, periodic alimony, and payment of all marital debts. On the same date the amended complaint was filed, the wife also filed an application for service by first class mail in lieu of publication.
On January 21, 1986, the wife filed a summons and attempted to serve the husband with a copy of the amended complaint by first class mail at his parents' address in Florida. The husband's mother, Helen Bieber, sent a letter to the clerk's office concerning the whereabouts of the husband after the wife attempted to serve the husband at the mother's address. In the letter, Mrs. Bieber stated that she was returning the papers that were sent to her regarding the husband; that the husband was not living with her; and that she did not know his whereabouts.
An attempt was made to serve a copy of the summons and the amended complaint on the husband in New York City on February 26, 1986. The process server was unable to locate the husband at the New York City address, and the certified letter was returned marked "not deliverable as addressed" and "unable to forward."
The clerk of the circuit court issued a publisher's certificate of publication in which the publisher stated that he was the publisher of the Daily Sentinel, a newspaper of general circulation, and that he published a notification to the husband of the pending divorce action for four consecutive weeks beginning on April 27, 1986, and ending on May 18, 1986.
The wife filed an application for default judgment against the husband in which she claimed that the husband was served on May 18, 1986, and that more than 30 days had elapsed since the husband was served. The trial court entered a default judgment against the husband on June 25, 1986.
The wife filed her deposition on August 15, 1986. The trial court entered a judgment of divorce on August 23, 1986, in which it held, inter alia, that custody of the minor child was awarded to the wife; that the husband pay the wife $450 per month in child support; and that the husband pay the wife $200 per month in periodic alimony.
On January 29, 1992, the husband filed a motion to set aside the default judgment pursuant to Rule 60(b)(4), A.R.Civ.P. In this motion, the husband claimed that he was never personally served; that the default judgment was entered as a result of his failure to respond to substituted service; and that substituted service was improper since *Page 1165 
he was not a resident of the State of Alabama, and his residence was unknown to the wife at the time of service.
The husband filed a memorandum in support of his motion to set aside default judgment on February 14, 1992, in which he claimed that he was a nonresident; that service by publication was not sufficient for the trial court to acquire in personam jurisdiction over a nonresident; and that the default judgment entered by the trial court on the wife's behalf was void.
On June 22, 1992, the trial court entered an order in which it denied the husband's Rule 60(b) motion. In its opinion, the trial court held that out-of-state service was appropriate in this case. In support of this judgment, the trial court found that:
 "[T]he evidence before the court was that the parties were domiciled in Alabama when the husband left this state for temporary employment, intending to return back to Alabama when he could find employment closer to home. Though the husband later called the wife and stated he wanted a divorce, there is nothing before the court to suggest that he ever intended to change his domicile. Therefore, though he was presumably physically absent from this state for some two years before service was obtained under Rule 4.3(d) and (e), there is no evidence before the court that he changed the intent for his home to be in Alabama."
The husband appeals.
The sole issue before this court on appeal is whether the trial court erred when it denied the husband's motion to set aside the default judgment.
At the outset, we note that the denial of relief under Rule 60(b), A.R.Civ.P., is within the discretion of the trial court and will not be disturbed on appeal absent evidence of an abuse of discretion. Knight v. State ex rel. Nunn, 587 So.2d 1206
(Ala.Civ.App. 1991). However, when the grant or denial of relief depends on the validity of the judgment, abuse of discretion is not the appropriate standard of review.Satterfield v. Winston Industries, Inc., 553 So.2d 61
(Ala. 1989). If the judgment is valid, it must stand; if it is void, it must be set aside. Satterfield.
The husband contends that the trial court erred when it denied his motion to set aside the default judgment.
Rule 60(b)(4), A.R.Civ.P., provides that on motion, a trial court can relieve a party from a final judgment if the judgment is void. A judgment is void if the court that rendered it lacked jurisdiction over the subject matter or over the parties. Satterfield.
First, the husband maintains that the final judgment of divorce obtained by the wife in Alabama is void because he was not a resident of the State of Alabama at the time she filed for divorce.
We recognize that our supreme court has held that service by publication to a nonresident defendant is insufficient for a trial court to acquire personal jurisdiction and enter a default judgment. Braley v. Horton, 432 So.2d 463 (Ala. 1983).
Section § 6-4-20, Code 1975, provides that "[s]ervice of process, unless otherwise provided by law, shall be made as provided in the Alabama Rules of Civil Procedure." Rule 4.3(b), A.R.Civ.P., provides:
 "When the residence of a defendant is known and the action is one in which service by publication is permitted, service of process must first be attempted by one of the methods of service other than publication as is provided by Rule 4.1, if the defendant is a resident of this state, or Rule 4.2, if the defendant is not a resident of this state or is a resident of this state who is absent from the state. . . ."
The wife contends that the husband was a resident of the State of Alabama and that her attempt to serve the husband by certified mail and with a process server as required in Rule 4.2 was sufficient to permit her to serve the husband by publication.
In this case, the record reveals that the husband was a resident of Alabama at the time service by publication was made. The record reflects that the wife and the husband were married on July 21, 1979; that they initially lived in Florida; that they moved to Scottsboro, Jackson County, Alabama, *Page 1166 
where they lived together for two years and eight months; that in September 1983, the husband left Alabama and went to New York City to seek employment after he was laid off from TVA-Bellefonte; that the husband planned to work in New York City until he could find something closer to home; that the husband obtained employment through his Florida union's affiliation with a union based in New York City; that the wife and the minor child visited the husband in New York City in August 1984; that in November 1984, the husband called the wife and told her that he wanted a divorce; and that the wife did not have any contact with the husband after this time. The record also reflects that the husband and the wife were registered to vote in Jackson County, Alabama; that within the last year or so the husband was still registered to vote in Jackson County, Alabama; that the husband and the wife had their automobiles registered and licensed in Jackson County, Alabama; and that the husband and the wife had Alabama driver's licenses.
The record is devoid of any evidence that the husband ever intended to change his residence from Alabama to another state. As the trial court noted in its opinion, "there is no evidence before the court that [the husband] changed the intent for his home to be in Alabama." Accordingly, we find that the trial court did not err when it held that the husband was a resident of the State of Alabama.
Second, the husband maintains that, even if he was a resident of the State of Alabama, service by publication was inappropriate because he did not avoid service.
The Alabama Rules of Civil Procedure do not require that a defendant avoid service in order for a plaintiff to obtain service by publication. Rule 4.3(d)(1), A.R.Civ.P., provides:
 "(1) Affidavit Necessary. Before service by publication can be made in an action . . . when a defendant has been absent from his residence for more than thirty days since the filing of the complaint . . . an affidavit of a party or his counsel must be filed with the court averring that service of summons or other process cannot be made because . . . the resident defendant has been absent for more than thirty days since the filing of the complaint. . . ."
Accordingly, the wife could properly serve the husband through publication if her affidavit indicated that the husband was absent from the State of Alabama for more than thirty days after she filed her complaint.
As we have previously noted, the wife filed for divorce on January 8, 1985. The affidavit of the wife, which the wife signed on December 26, 1985, reveals that the wife did not have any contact with the husband from November 1984, until the date that she signed her affidavit. The affidavit of the wife also reveals that the State of Alabama was unable to locate the husband after it filed an action against the husband for support. The wife stated that she attempted to locate the husband through his local union on two separate occasions but that the local union would not give her any information on the husband's whereabouts. The wife stated that she contacted the husband's parents in Florida and that they told her they did not know where the husband was living. The wife also stated that she knows of no other way to contact the husband.
In Brooks v. Brooks, 494 So.2d 645 (Ala.Civ.App. 1986),cert. denied, this court stated that when the residence of the defendant is unknown, Rule 4.3, A.R.Civ.P., does not require that the plaintiff attempt service by a method other than publication. In Brooks, this court affirmed the trial court's denial of the wife's Rule 60(b)(4) motion to set aside the judgment of divorce. In our opinion, we noted that "[t]he wife does not assert that the statements made in the affidavit are not true, and she did not present evidence in the trial court to show that, prior to the date when service by publication was perfected, she could have been located and served in another manner." Brooks at 648. The husband in this case, like the wife in Brooks, never asserted that the statements in the wife's affidavit were not true, nor did the husband show that the wife could have served him by any manner other than by publication. *Page 1167 
Consequently, we conclude that the trial court did not err when it held that the service of the husband by publication was proper.
For the foregoing reasons, we hold that the trial court did not err when it denied the husband's Rule 60(b) motion to set aside the judgment of divorce.
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.