L. CHARLES WRIGHT, Retired Appellate Judge.
P.D. (father) and N.D. (mother) were married in 1986. A daughter, C.L.D., was born the same year. In 1987 the father was arrested in Alabama and taken to Indiana, where he was imprisoned. He was released in 1989. After his release he continued to reside in Indiana. The parties were divorced by the Circuit Court of Mobile County, Alabama, in 1989. The mother was awarded custody of the daughter, and the father was given reasonable visitation rights.
In May 1992 J.K. and N.K. (the mother’s aunt and uncle) filed a petition, seeking custody of the minor child and termination of the parents’ parental rights. In June 1992 a summons and petition was sent by certified mail to the father in Indiana. It was returned, “undelivered.”
A hearing was held on June 26, 1992. The mother was present and consented to a termination of her parental rights. The parties agreed to continue the matter until September 1992 to allow the aunt and uncle to perfect service on the father.
In July 1992 the aunt and uncle filed an affidavit, claiming that they were unable to locate the father, who was a non-resident. They requested that they be allowed to serve him by publication. The request was granted, and notice was subsequently published in a Mobile newspaper.
The final hearing was held in September 1992. The father was not present or represented by counsel. The court terminated the father’s parental rights and granted custody of the minor child to the aunt and uncle. The final order was entered in March 1993.
In July 1993 the father filed a Rule 60(b), A.R.Civ.P. motion, challenging, among other things, the service of process by publication. Following a hearing, the court denied the motion. The father appeals.
The father asserts that the court erred in refusing to set aside the judgment terminating his parental rights. He insists that the service of process by publication was invalid, thereby rendering the judgment void.
As a general rule, personal jurisdiction may not be obtained over a nonresident defendant through means of service by publication. Wise v. Siegel, 527 So.2d 1281 (Ala.1988); Braley v. Horton, 432 So.2d 463 (Ala.1983); Shaddix v. Shaddix, 603 So.2d 1096 (Ala.Civ.App.1992).
In this case it is undisputed that the father was not a resident of Alabama. Service by publication was, therefore, inappropriate. Failure of proper service deprives a court of jurisdiction and renders a default judgment void. Shaddix. The court erred in refusing to grant the father’s Rule 60(b) motion.
The judgment of the trial court is reversed. The cause is remanded'to that court for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.