ROBERTSON, Presiding Judge.
On November 12, 1993, EFS, Inc., d/b/a Quick Pawn Shops (EFS), filed a complaint in the Montgomery County Circuit Court against Laurie Erickson. EFS alleged that Erickson owed EFS $4,567.09, because she had failed to make payments as provided in a promissory note executed by Erickson in favor of EFS. On that same day, EFS attempted to serve Erickson with a copy of the summons and complaint by certified mail, at the address of 3342 Fountain Court, Montgomery, Alabama, 36116. However, the summons and complaint were subsequently returned by the postal service marked “attempted not known.”
Thereafter, on December 3, 1993, EFS filed an unverified motion in this action, requesting the trial court “to serve process and appropriate legal documents herein on Kevin Ainsworth by publication....” Not only did EFS request service by publication on someone other than Erickson, EFS did not file a supporting affidavit as required by Rule 4.3(d)(1), Ala.R.Civ.P. A “form” ORDER OF PUBLICATION was entered on December 7, 1993; however, the order failed to state in which newspaper notice was to be published or when Erickson was required to answer. Thus, there was a defective motion, no affidavit, and a defective order of publication. Publication was made in the Montgomery Independent newspaper for four consecutive weeks, beginning December 16,1993.
On March 4,1994, EFS filed an application for an entry of default against Erickson, alleging that she had failed “to answer or otherwise defend against [EFS’s] complaint.” An entry of default and a default judgment were entered on March 10, 1994, awarding $5,160.71 in damages, plus costs, to EFS.
After writs of garnishment were issued and served, Erickson filed a motion, pursuant to Rule 60, Ala.R.Civ.P., requesting the trial court to set aside the default judgment entered against her. Erickson alleged that when the complaint was filed, she was a resident of Montgomery County and that her whereabouts at that time were easily obtainable. Erickson further alleged that before March 1993 she had been a tenant of one of EFS’s managers; that after March 1993 she had moved to a residence located across the street from the father of her prior landlord, the EFS manager; that she had advised another EFS manager of her new address; and that she still had the same telephone number that she had had when she worked for EFS. In addition, Erickson alleged that she had a good and valid defense against EFS’s complaint by right of a set-off in the form of a wage and hour claim, which she claimed she could have asserted had she been properly notified of the proceedings against her.
Following a hearing on Erickson’s motion to set aside the default judgment, the trial court entered an order denying her motion. Erickson appeals, raising three issues: (1) Whether service by publication was proper in this case; (2) Whether the trial court abused its discretion in failing to set aside the default judgment; and (3) Whether the trial court abused its discretion under Rule 60(b), Ala.R.Civ.P., in refusing to set aside the default judgment. All of these issues relate to whether the default judgment should have been set aside; therefore, we address these issues together.
*856 We note that the grant or denial of relief under Rule 60(b), Ala.R.Civ.P., is within the discretion of the trial court and that the exercise of that discretion will not be disturbed on appeal absent evidence of an abuse of that discretion. Bieber v. Bieber, 623 So.2d 1163 (Ala.Civ.App.1992). However, when the grant or denial of relief depends on the validity of the judgment, abuse of discretion is not the appropriate standard of review. Id. If the judgment is valid, it must stand; if it is void, it must be set aside. Bieber. Rule 60(b)(4), Ala.R.Civ.P., provides that on motion, a trial court can relieve a party from a final judgment if the judgment is void. A judgment is void if the court that rendered it lacked jurisdiction over the subject matter or over the parties. Bieber.
Erickson contends that EFS failed to comply with Rule 4.3(c) and (d)(1), Ala.R.Civ. P., and that, therefore, the trial court did not have personal jurisdiction over her when it entered the default judgment against her, and that the lack of jurisdiction made the default judgment void.
Rule 4.3 provides, in pertinent part:
“(c) Avoidance of Service. When a resident defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication....
“(d) Procedure for Publication in Actions Governed by This Rule.
“(1) Affidavit Necessary. Before service by publication can be made in an action where the identity or residence of a defendant is unknown, ... an affidavit of a party or his counsel must be filed with the court averring that service of summons or other process cannot be made because ... the residence is unknown to the affiant and cannot with reasonable diligence be ascer-tained_” (Emphasis added.)
“Affidavit” is defined by Black’s Law Dictionary 58 (6th ed. 1990), as “A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation.”
Since EFS’s attempted service by publication did not comply with Rule 4.3, Ala.R.Civ. P., the trial court “never obtained personal jurisdiction over [Erickson] and ... its entry of a default judgment against [Erickson] was therefore void.” Fisher v. Amaraneni, 565 So.2d 84, 88 (Ala.1990). Consequently, the trial court erred in denying Erickson’s Rule 60(b) motion to set aside the default judgment. Id.
REVERSED AND REMANDED.
THIGPEN, YATES, MONROE and CRAWLEY, JJ., concur.