The defendants Jerry Paul Vogus and K.C. Company appeal from the denial of a Rule 60(b), Ala.R.Civ.P., motion for relief from a judgment entered in favor of the plaintiff Gwendolyn Angry. Our supreme court has transferred this case to this court pursuant to § 12-2-7(6), Ala. Code 1975. We reverse and remand.
In May 1995, a vehicle driven by Vogus struck a vehicle driven by Angry. The vehicle Vogus was driving was owned by K.C. Company, Vogus's employer. Angry, through her attorney, filed a claim with K.C. Company's insurance carrier for damages arising out of the accident. However, in a December 18, 1996, letter, a claims adjuster for the insurance carrier denied any liability on the part of K.C. Company.
In February 1997, Angry filed a civil action in the Jefferson County Circuit Court against Vogus and K.C. Company for injuries sustained in the accident. The complaint and other court records indicate that Angry tried to serve both Vogus and K.C. Company by certified mail in Athens, Tennessee. However, service on both defendants was unsuccessful and the summons and complaints were eventually returned to the circuit clerk marked "unclaimed."
In May 1997, Angry's attorney filed a motion to serve Vogus and K.C. Company by publication, pursuant to Rule 4.3, Ala.R.Civ.P. In an affidavit filed in support of this motion, Angry's attorney alleged that Vogus was now believed to be residing in Jefferson County, Alabama, and that *Page 935 
K.C. Company was believed to be doing business in Tennessee, although its exact whereabouts were unknown. Angry's attorney further averred that the defendants were avoiding service of process by refusing to accept proper service via certified mail.
On June 5, 1997, the trial court granted Angry's motion for service by publication. Notice was then published in the AlabamaMessenger
for four consecutive weeks, beginning August 30, 1997, notifying Vogus and K.C. Company to answer the complaint by October 30, 1997, or face entry of a default judgment. Meanwhile, on July 1, 1997, Angry's insurer, Alfa Mutual Insurance Company (herein-after "Alfa"), intervened. On December 30, 1997, Angry filed her application and affidavit for entry of default, and on February 2, 1998, the trial court entered default judgments in favor of Angry and Alfa, the intervenor, and against Vogus and K.C. Company, in the amount of $64,808.11, plus court costs.
In a letter dated August 4, 1998, Angry's attorney informed K.C. Company's insurance adjuster of the default judgment and demanded payment. Thereafter, on September 28, 1998, Vogus and K.C. Company filed a joint motion to set aside the default judgments, pursuant to Rule 55(c), Ala.R.Civ.P., or, in the alternative, for relief from the judgments, pursuant to Rule 60(b), Ala.R.Civ.P. Vogus and K.C. Company supported this motion with their affidavits. In his affidavit, Vogus averred that he was the driver of the truck that was involved in the accident described in Angry's complaint. Vogus averred that at the time of the accident he was a citizen of the state of Tennessee. Vogus stated that in late 1996, he and his family moved to Riceville, Tennessee, where he was living when Angry filed her lawsuit. Vogus averred that Angry, not he, had caused the accident; he said she caused it when she turned into Vogus's tractor-trailer rig just as her own driving lane was about to end. Vogus averred that he never refused or attempted to avoid service of process and that he neither resided in, nor ever had been a resident of, Jefferson County, Alabama.
Betty Jane Clark averred that she was responsible for the day-to-day operations and bookkeeping of K.C. Company and that she was the one who responded to all mail addressed to K.C. Company. Clark averred that she reviewed the letters and pleadings filed by the plaintiffs, but did not recall ever receiving Angry's summons and complaint. Clark averred that in 1997, her husband, Kelly Clark, who owns K.C. Company, had a heart attack and that in the course of caring for her husband she could have overlooked Angry's summons and complaint. However, Clark was certain that she was never served with the "Application for Entry of Default" or with Alfa's "complaint in intervention." Clark averred that K.C. Company was prepared to present plausible defenses to Angry's claims concerning the May 1995 accident. The trial court denied both Vogus's and K.C. Company's motions.
Vogus and K.C. Company argue that the trial court erred to reversal in denying their Rule 60(b) (4), Ala.R.Civ.P., motion. Specifically, they argue that the trial court never acquired in personam jurisdiction over them and that its judgment is void.
 "Rule 60(b) provides: `On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void.' `It is well settled that failure of proper service under Rule 4, Ala.R.Civ.P., deprives a court of jurisdiction and renders judgment by default void.' Shaddix v. Shaddix, 603 So.2d 1096, 1098-99 (Ala.Civ.App. 1992); see Bieber v. Bieber, 623 So.2d 1163 (Ala.Civ.App. 1992)."
Vaughan v. O'Neal, [Ms. 2980248, May 21, 1999]736 So.2d 635, 636 (Ala.Civ.App. 1999).
In Bieber v. Bieber, 623 So.2d 1163, 1165 (Ala.Civ.App. 1992), this court stated: *Page 936 
 "At the outset, we note that the denial of relief under Rule 60(b), A. R. Civ. P., is within the discretion of the trial court and will not be disturbed on appeal absent evidence of an abuse of discretion. Knight v. State ex rel. Nunn, 587 So.2d 1206 (Ala.Civ.App. 1991). However, when the grant or denial of relief depends on the validity of the judgment, abuse of discretion is not the appropriate standard of review. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala. 1989). If the judgment is valid, it must stand; if it is void, it must be set aside. Satterfield."
Service of process on an out-of-state defendant is governed by Rule 4.2(b), Ala.R.Civ.P., which states:
 "(b) Methods of out-of-state service. All service of process outside of this state shall be made as set forth below except when service by publication is available pursuant to Rule 4.3. Service outside of this state under this rule shall include service by certified mail and delivery by a process server; and each method shall be deemed to confer in personam jurisdiction. Unless otherwise requested or permitted by these rules, service of process outside this state shall be made by certified mail."
(Emphasis added.)
Where the return receipt shows a failure to deliver by certified mail, Rule 4.2(b) (1) (C), Ala.R.Civ.P., provides that "service is complete when the serving party or the serving party's attorney, after notification by the clerk, files with the clerk an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served, and service by publication is made under Rule 4.3(c)."
In Shaddix v. Shaddix, 603 So.2d 1096, 1098 (Ala.Civ.App. 1992), we recognized that reading and interpreting Rule 4.2(b) (1) (A) and Rule 4.3, Ala.R.Civ.P., in pari materia is a difficult undertaking. Nevertheless, Alabama appellate courts have consistently held that personal jurisdiction may not be obtained over a nonresident defendant through service by publication. Wise v. Siegel, 527 So.2d 1281,1282 (Ala. 1988) (Rule 4.2(b) (1) (A) and Rule 4.3, Ala.R.Civ.P., applied only to resident defendants or to a corporation with one of its principal places of business within Alabama); Braley v. Horton, 432 So.2d 463,466 (Ala. 1983) (service by publication was insufficient for the circuit court to acquire personal jurisdiction over a defendant and to enter a default judgment against the defendant when he failed to appear); Vaughan,736 So.2d 635 (personal jurisdiction may not be obtained over a nonresident defendant through service by publication); P.D. v. J.K.,636 So.2d 681, 682 (Ala.Civ.App. 1994) (service by publication was inappropriate where the father in an action to terminate parental rights was not a resident of Alabama); Shaddix v. Shaddix, 603 So.2d 1096
(personal jurisdiction over a nonresident defendant may not be obtained through service by publication). The sole exception to this rule appears to be Miles v. McClung, 385 So.2d 1326 (Ala.Civ.App. 1980), in which this court held that, under certain conditions, a nonresident defendant could be served by publication pursuant to Rule 4.2(b) (1) (C), and Rule 4.3, Ala.R.Civ.P.
Angry and Alfa argue that the reference to Rule 4.3(c) in Rule 4.2(b) (1) (C) would be meaningless if it did not allow for service by publication on a nonresident defendant when service by certified mail is unsuccessful. This argument is without merit. As Justice Lyons notes in his treatise, "the reference to Rule 4.3(c) in Rule 4.2(b) (1) (C) dealing with service on non-residents is not inconsistent since Rule 4.3(c) has a legitimate field of application only to those who are non-residents by having leftthe state as part of the avoidance of service." 1 Champ Lyons, Jr.,Alabama Rules of Civil Procedure Annotated, § 4.3, p. 93 (3d ed. 1996) (emphasis added). Justice Lyons notes that "[t]he restriction of the applicability of service of process by publication in order to obtain a *Page 937 
money judgment under Rule 4.3(c) to resident defendants was the product of concern on the part of the Committee as to the constitutionality of such service if it were applied to non-residents." Id.
The uncontroverted evidence indicates that neither Vogus nor K.C. Company and its proprietors were residents of Alabama. Vogus was a resident of Athens, Tennessee, when the accident with Angry occurred, and he and his family moved to Riceville, Tennessee, before Angry filed her lawsuit. In fact, Vogus has never been a resident of Alabama. The only "evidence" to the contrary was the conclusory allegation by Angry's attorney that Vogus "is believed to be residing in Jefferson County, Alabama." Moreover, in light of the fact that service on Vogus was originally attempted at an Athens, Tennessee, address, the subsequent assertion, unsupported by any evidence, that Vogus may be residing in Alabama, appears to be a tacit admission that service by publication on a nonresident defendant is improper.
Because the record evidence indicates that Vogus and the owner of K.C. Company were not residents of Alabama, the trial court could not obtain personal service over these defendants by service of process by publication.
Furthermore, even if service by publication were an appropriate means for obtaining personal jurisdiction over Vogus and K.C. Company, Angry and Alfa failed to show that Vogus and K.C. Company were avoiding service, as required by Rule 4.3(c), Ala.R.Civ.P.
Rule 4.3(c), Ala.R.Civ.P., states in pertinent part:
 "When a resident defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication."
The affidavit supplied by Angry's attorney in support of Angry's motion for service by publication averred nothing more than counsel's conclusion that Vogus and K.C. Company were avoiding service because they refused to accept "proper service by certified mail." Alabama appellate courts have held, however, that the return of certified mail "unclaimed" does not in and of itself constitute avoidance of service of process so as to justify service by publication. Wise v. Siegel, 527 So.2d 1281; Marshallv. Mid-State Homes, Inc., 468 So.2d 131 (Ala. 1985); John H.Peterson, Sr., Enters. v. Cheney, 486 So.2d 1307 (Ala.Civ.App. 1986).
Because Angry failed to establish that Vogus and K.C. Company were avoiding service of process, she could not properly serve these defendants by publication. Furthermore, the failure of proper service deprived the circuit court of personal jurisdiction over Vogus and K.C. Company and rendered the court's judgment void. Shaddix, 603 So.2d at 1098-99;Wise, 527 So.2d at 1282. Therefore, the trial court erred in denying the Rule 60(b) motion filed by Vogus and K.C. Company.
Let the judgment be reversed and the case remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active-duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
All the judges concur. *Page 938