In December 2002, Addie Ward Williams ("the plaintiff"), acting through counsel, filed a complaint in the Monroe Circuit Court seeking a judgment cancelling a deed that purported to have been executed by the plaintiff and that conveyed a number of lots located in Monroe County to the plaintiff's son, James Clayton Williams, Jr. ("the defendant"). After personal service of process upon the defendant was attempted at two separate addresses in Huntsville, Alabama, in January 2003 and February 2003, the plaintiff filed a motion on February 11, 2003, seeking an order permitting service by publication. In the affidavit supporting the plaintiff's motion, counsel for the plaintiff affirmed that he had been informed by the plaintiff's conservator that the defendant had written a letter to the plaintiff to inform her that he had moved from his last known address, that he would not return to that address, and that he "did not wish to be found"; according to that affidavit, the letter sent by the defendant to the plaintiff contained no return address or forwarding address. Counsel further affirmed that he had unsuccessfully tried to determine the defendant's current address by conducting a computer search and that the defendant's whereabouts were unknown. The trial court granted the motion to serve the defendant by publication, and a notice of the pending action was published in a local newspaper for four consecutive weeks.
In July 2003, the plaintiff filed a motion for the entry of a default judgment, averring, in pertinent part, that service had been perfected upon the defendant by publication and that the defendant had failed to respond to the complaint. The trial court entered a judgment on July 23, 2003, declaring the deed at issue to be a forgery and divesting the defendant of title to the subject property.
On October 1, 2003, the defendant filed a motion, pursuant to Rule 60(b), Ala. R. Civ. P., for relief from the trial court's judgment. In his motion, the defendant averred, among other things, that the judgment was void "because the [d]efendant was not properly or adequately served with process" and that the attempted service by publication did not comply with the version of Rule 4.3, Ala. R. Civ. P., in effect at that time;[1]
the defendant contended that his whereabouts could have been ascertained through reasonable diligence via inquiries to his former wife, to Alabama architectural-licensing authorities, and to a petroleum company that was paying him revenues derived from certain oil leases. The defendant requested that the judgment be vacated and the cause placed on the trial court's docket for further proceedings. Because the plaintiff had died following the entry of the judgment in her favor, four of the defendant's siblings, Judson G. Williams, E. Ward Williams, Janie Katherine Fairchild, and Delia Segrist ("the siblings"), were substituted as parties in lieu of the plaintiff. After a hearing at which the defendant and two of the siblings testified, the trial court entered an order on June 9, 2004, denying the defendant's motion for relief from the *Page 1286 
default judgment in favor of the plaintiff. The defendant appealed from that order to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
A trial court's decision to deny a motion, filed pursuant to Rule 60(b), Ala. R. Civ. P., for relief from a final judgment is itself a final judgment that will support an appeal; however, the only matter reviewable in such an appeal is the propriety of the denial. Metropolitan Life Ins. Co. v. Akins, 388 So.2d 999,1000-01 (Ala.Civ.App. 1980). Here, the defendant's motion for relief from the judgment asserted grounds cognizable under subsection (4) of Rule 60(b), which authorizes relief on the ground that "the judgment is void"; under Alabama law, a judgment is "void" within the scope of that subsection "only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process." Smith v. Clark, 468 So.2d 138, 141 (Ala. 1985). Although a trial court's ruling on a motion filed pursuant to Rule 60(b) will generally be reversed only upon a showing of an abuse of discretion, a motion attacking the underlying judgment as void is subject to a different standard of review: "If the judgment is void, it is to be set aside; if it is valid, it must stand." Id.
Positing that a judgment to cancel a deed operates in personam as to a particular defendant, and not in rem as to particular property (a proposition with which we agree, see Lamkin v.Lovell, 176 Ala. 334, 342, 58 So. 258, 260 (1912)), the defendant contends that the trial court did not obtain in personam jurisdiction over him so as to permit that court to enter a default judgment against him. Specifically, the defendant argues that this court's interpretation of former Rule 4.3, Ala. R. Civ. P., in Vogus v. Angry, 744 So.2d 934 (Ala.Civ.App. 1999), mandates a conclusion that service by publication upon him in this case was improper.
In Vogus, a party allegedly injured in an automobile collision brought a civil action in Alabama against the driver (Vogus) and the owner (K.C.Company) of the other automobile involved in the collision. After attempts to personally serve Vogus and K.C. Company proved unsuccessful, the plaintiff inVogus was given leave to serve those defendants by publication based upon an affidavit in which, among other things, counsel for the plaintiff indicated a belief that Vogus was an Alabama resident. Default judgments were later entered against both defendants, and they subsequently sought relief from the judgments. In an affidavit filed in support of his motion for relief from the judgment, Vogus affirmed that he had been a resident of another state at the time of the collision and at the time the action was brought.
On appeal, this court reversed the trial court's denial of the defendants' motions. In doing so, we noted that "Alabama appellate courts have consistently held that personal jurisdiction may not be obtained over a nonresident defendant through service by publication." Vogus, 744 So.2d at 936. As to the default judgment against Vogus, we predicated our reversal upon the undisputed evidence that Vogus had been a resident of another state both when the collision occurred and at the time that the action was filed, concluding that the trial court could not obtain personal jurisdiction via service by publication.744 So.2d at 937. Notably, in Vogus, we rejected the contention that the reference to former Rule 4.3 in former Rule 4.2(b)(1)(C), which generally governed methods of out-of-state service, mandated a contrary conclusion; we instead agreed with the position taken by Justice Lyons in his civil-procedure treatise that that reference *Page 1287 
was "`not inconsistent since [former] Rule 4.3(c) ha[d] a legitimate field of application only to those who arenon-residents by having left the state as part of the avoidanceof service.'" 744 So.2d at 936 (emphasis added in Vogus;
quoting 1 Champ Lyons, Jr., Alabama Rules of Civil ProcedureAnnotated § 4.3, p. 93 (3d ed. 1996)).[2]
In this case, the evidence presented at the hearing in the trial court compels a similar conclusion to that reached inVogus. The defendant testified that he had formerly lived with the plaintiff in her Huntsville home, but that he had moved out of that home and had relocated to Cookeville, Tennessee, in November 2002, the month before the plaintiff initiated her action to cancel the deed. Upon moving to Cookeville, the defendant took a job as a vice president of a construction company, joined several local chambers of commerce in the Cookeville area, and secured reinstatement of his Alabama architecture license, supplying the governing board with his Tennessee address. In addition, a letter from the defendant to one of the siblings, dated January 27, 2003, that was admitted into evidence indicates that the defendant had, at that time, moved into a farmhouse, had attended church, and had made friends in the area where he was living at the time.
The defendant freely admitted at the hearing that he had given no forwarding address to members of his family at the time of his relocation because "there were some hard feelings at the time" and he "did not want to stay in any kind of immediate contact." The defendant's January 2003 letter corroborates that sentiment, indicating that the defendant wanted all of the siblings and their children to "keep [their] distance even should [they] discover [his] location." Although the defendant admitted that he had declined to share his new address with his family, he testified that he did not conceal his new location "as far as public domain" and that he "did not hide [his] identity."
We are certainly sympathetic to the siblings' contentions that their brother, the defendant, intentionally withheld from members of his family information regarding his whereabouts that would have permitted personal service and that their mother, the plaintiff, had no knowledge that the defendant had moved out of Alabama. We further agree with the siblings that a "temporary absence" from Alabama by an Alabama resident should not be deemed to amount to a change of domicile. See Ex parte Weldon,601 So.2d 115, 116 (Ala.Civ.App. 1992). However, the record in this case compels the conclusion that at the time personal service of process upon the defendant was last attempted in February 2003, the defendant had, under Weldon, established a new domicile in Tennessee by moving there and exhibiting an intent to remain there permanently or for an indefinite length of time, which made him a nonresident. Where a defendant is a nonresident at the time personal service is attempted, subsequent efforts to serve the defendant by publication will not confer in personam jurisdiction upon the trial court. See Braley v. Horton,432 So.2d 463, 466 (Ala. 1983). Further, the record does not support the proposition that the defendant absented himself from Alabama *Page 1288 
in order to avoid service so as to fall within the exception noted in that portion of Justice Lyons's treatise quoted inVogus. Rather, it is undisputed that the plaintiff had not filed her action in November 2002, when the defendant moved to Tennessee, and there is no evidence that the defendant had been informed before that relocation that an action would be brought against him.
Because the plaintiff attempted to serve the defendant, a nonresident, by publication pursuant to former Rule 4.3, Ala. R. Civ. P., the trial court acted in the absence of in personam jurisdiction over the defendant in entering a default judgment in the plaintiff's favor. Therefore, that judgment is void, and the trial court erred in failing to grant the defendant's motion for relief from that judgment.[3] We reverse the trial court's order denying that motion, and we remand the cause for the trial court to grant the relief requested by the defendant in that motion.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
[1] Rules 4, 4.1, 4.2, 4.3, and 4.4, Ala. R. Civ. P., were amended effective August 1, 2004; however, those amendments do not apply in this case.
[2] Rule 4.3, Ala. R. Civ. P., was amended, effective August 1, 2004, so as to permit service by publication upon nonresident defendants who have avoided personal service. See Rule 4.3, Ala. R. Civ. P., Committee Comments to Amendment to Rule 4.3 Effective August 1, 2004. Although that amendment does not apply in this case, see note 1 above, the amendment appears to have prospectively abrogated the holding in Vogus concerning the impropriety of service by publication upon a nonresident.
[3] We thus do not reach the defendant's alternative contention, i.e., that the judgment is void because no attempt was made to personally serve him after certain family members had managed to locate him in Tennessee in May 2003.