MOORE, Judge.
 

 Camellia B. Barnes appeals from a July 23, 2009, judgment entered by the Jefferson Circuit Court (“the trial court”). In that judgment, the trial court ruled that it had no jurisdiction to reinstate an appeal from the Jefferson District Court. We affirm.
 

 On May 24, 2008, the Jefferson District Court entered a judgment against Barnes and in favor of Alternative Capital Source, LLC (“ACS”), for $2,779.50 plus court costs. Barnes attempted to file a notice of appeal with the clerk of the district court on June 5, 2008. According to Barnes, the clerk failed to inform her that she needed to pay a filing fee or to apply for a hardship waiver. ACS obtained a garnishment order and proceeded to garnish Barnes’s wages. Barnes returned to the clerk’s office on August 21, 2008, to inquire as to the status of her appeal; at that time, she was informed that the appeal had not been filed because no filing fee had been paid and no hardship waiver had been requested. Barnes applied for a hardship waiver at that time, and the clerk filed the notice of appeal.
 

 ACS moved the trial court to dismiss the appeal because the notice of appeal had not been timely filed; the trial court granted that motion on August 28, 2008. Barnes filed a “motion to reinstate” the appeal on September 2, 2008, which the trial court denied on September 30, 2008.
 
 *281
 
 On November 10, 2008, Barnes filed a Rule 60(b), Ala. R. Civ. P., motion for relief from the August 28, 2008, judgment of dismissal in which she argued essentially that the trial court should have treated her notice of appeal as timely filed even in the absence of the payment of a filing fee or a hardship waiver. The trial court denied that motion on November 18, 2008. Barnes then filed a “motion for hearing” in which she made the identical arguments she had raised in her Rule 60(b) motion; the trial court denied the “motion for hearing” on December 5, 2008. Barnes subsequently filed a letter "with the trial court requesting assistance with obtaining legal aid.
 

 On March 9, 2009, after obtaining legal counsel, Barnes filed another Rule 60(b) motion to set aside the August 28, 2008, judgment, again arguing that the notice of appeal had been timely filed despite the absence of the payment of a filing fee or a hardship waiver. The trial court entered an order purporting to grant that motion on June 18, 2009. ACS filed a Rule 60(b)(4) motion on July 8, 2009, arguing that the trial court had lost jurisdiction to reinstate the appeal. The trial court granted that motion, vacated its June 18, 2009, order, and dismissed the case on July 23, 2009. Barnes timely appealed to this court on August 24, 2009.
 

 On appeal, Barnes argues that the trial court erred in dismissing her appeal from the district court’s judgment based on her failure to pay a filing fee or to obtain a hardship waiver. However, we cannot address that argument. The July 23, 2009, judgment entered by the trial court granted ACS’s Rule 60(b)(4) motion to set aside the June 18, 2009, order. A trial court’s decision to grant a Rule 60(b)(4) motion may be appealed, but the only matter reviewable in such an appeal is the propriety of the ruling on the motion.
 
 See generally Williams v. Williams,
 
 910 So.2d 1284, 1286 (Ala.Civ.App.2005). In this case, the trial court acted properly in recognizing that it had no jurisdiction. Barnes had filed an identical motion on November 10, 2008, which the trial court denied on November 18, 2008. Barnes’s March 9, 2009, motion can only be considered a “motion to reconsider” the denial of her November 10, 2008, Rule 60(b) motion.
 

 “Alabama caselaw has placed a significant limitation upon the availability of relief under Rule 60(b)[, Ala R. Civ. P.,] where a movant has previously sought relief under that rule. As stated by the Alabama Supreme Court in
 
 Ex parte Keith,
 
 771 So.2d 1018 (Ala.1998), ‘[ajfter a trial court has denied a postjudgment motion pursuant to Rule 60(b),
 
 that court does not have jurisdiction to entertain a successive postjudgment motion
 
 to “reconsider”
 
 or otherwise review
 
 its order denying the Rule 60(b) motion.’ 771 So.2d at 1022 (emphasis added). In other words, a party who has previously filed an unsuccessful motion seeking relief under Rule 60(b) may not properly file a second motion in the trial court that, in effect, requests the trial court to revisit its denial of the first motion, such as by reasserting the grounds relied upon in the first motion.
 
 See Wadsworth v. Market Ins. Co.,
 
 906 So.2d 179, 182 (Ala.Civ.App.2005) (‘Successive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).’).”
 

 Pinkerton Sec. & Investigations Servs., Inc. v. Chamblee,
 
 934 So.2d 386, 390-91 (Ala.Civ.App.2005).
 

 Having originally denied Barnes’s first Rule 60(b) motion on November 18, 2008, the trial court lost jurisdiction to rule on any successive Rule 60(b) motions based on the same grounds. The March 9, 2009,
 
 *282
 
 motion sought relief on the same grounds asserted by Barnes in the November 10, 2008, motion. Hence, the trial court did not have jurisdiction to grant that motion as it purported to do on June 18, 2009. Recognizing its error, the trial court vacated the June 18, 2009, order in its July 23, 2009, judgment. That last judgment is correct in all respects and is due to be affirmed.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.